[No. 22833.  Department One.  April 14, 1931.]

G. A. CHURCH et al., Respondents, v. FRANK R. SHAFFER et al., Appellants.[1]

[1]Reported in 297 Pac. 1097.

*Joseph H. Smith,* for appellants.

*Trefethen & Porterfield* and *Q. A. Kaune,* for respondents.

HOLCOMB, J.—This action for damages resulted from a collision between the automobiles of respondents and of appellants, at the intersection of Dexter avenue and Roy street in Seattle. Respondents alleged in their amended complaint that the collision was the result of negligence on the part of appellants, and appellants defended on the ground that respondents were guilty of contributory negligence which caused the accident. The case was tried to the court, without a jury, who found in favor of respondents.

Dexter avenue is an arterial street in Seattle, running in a general northerly and southerly direction, and, for two or three blocks on either side of the intersection of Roy street, is fairly level. Roy street runs in a general easterly and westerly direction and crosses Dexter avenue at right angles. From a point two blocks east, on Ninth avenue, Roy street is slightly upgrade to Dexter avenue, and the block immediately west of Dexter avenue is a grade of about seven per cent. There is a traffic light at the intersection of Roy and Dexter avenue, and the traffic light is open slightly longer for the traffic on Dexter avenue than on Roy street.

Respondent, the husband, was traveling, from the intersection of Ninth and Roy streets, westward on Roy street, and approaching the intersection in question. He testified to have been traveling at the rate of about twenty miles an hour, but that he had the green

light at all times and went into the intersection with the green light in his favor.

Appellants were traveling south on Dexter avenue at a rate of speed claimed by them to have been twenty-five miles an hour, and had the red light against them for more than three blocks. They testified that the first bell for change of traffic signals rang as they were slowing up to stop at the intersection, and, as they were coasting into the intersection, the second bell rang, at which time respondents' car passed in front of them at a high rate of speed, estimated by appellants to have been forty or forty-five miles an hour. The car of respondents was struck on the right side, near the rear, was sent on up the grade on Roy street for about ninety feet, turned over, and rolled up hill, coming to a stop with the four wheels in the air. Appellants stopped their car along side the curb on Roy street within about twenty feet. The car of respondents was equipped with four-wheel brakes, while that of appellants had only two-wheel brakes. Appellants claimed to have looked both to the right and left, and that respondents' car was about two car lengths from the intersection when the traffic bell rang closing traffic on Roy street.

While there is conflict in the testimony of the various witnesses, the trial judge analyzed and reconciled the testimony very convincingly. He appeared to rely greatly upon the testimony of the operator of a north bound street car, who had stopped for two passengers to board the car at the intersection of Roy street. When ready to start, the lights turned against him and, naturally, he had to wait. He showed how the car of respondents was traveling with the traffic signal, as required by law, while that of appellants ran into the intersection against the traffic signal. It is obvious that this witness, being on the front platform

of the street car, and having an elevated view from the center of the street across the whole intersection, was in a better position to view what occurred correctly than anyone else.

Inasmuch as the trial judge had all the witnesses before him and could judge of their credibility and the probabilities of the truthfulness and accuracy of their testimony, we cannot say that the evidence preponderates against the findings of the trial court.

Appellants also contend that respondent Church showed that he was not exercising any care, when he admitted that he did not see the Shaffer car until it struck him. Respondent had the right to presume that the driver of appellants' car would obey the law, and would not attempt to cross a street intersection against a traffic signal contrary to law and ordinance. It was not incumbent upon him to do other than proceed across the street, presuming that traffic from that side would not attempt to interfere with his progress.

Appellants also insist that it was excessive speed on the part of the driver of respondents' car which caused the accident, and for that reason, excessive speed being negligence *per se* (Laws of 1927, ch. 309, p. 767 (Rem. 1927 Sup., § 6362-1) ; *Hirst v. Standard Oil Co.*, 145 Wash. 597, 261 Pac. 405), respondents should not recover.

In the above cited case, we held that, although violation of a positive statute is negligence of itself, the negligence must contribute to the injury; and further said that it was difficult to say how the speed at which the car was driven in any way contributed to the injury. That is true here.

The trial court found and concluded that the proximate cause of this collision was the failure of appellants to heed the traffic signal, by driving into the

130

intersection when it was closed to traffic coming from the direction in which they were traveling and reserved for east and west traffic on Roy street. That, being the controlling fact, rendered appellants liable.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, and PARKER, JJ., concur.

MAIN, J., concurs in the result.