[No. 32275.  Department One.  May 14, 1953.]

C. A. Peterson, *Respondent,* v. J. W. Schoonover *et al.,* *Appellants.*[1]

*Olson & Palmer* and *John Wm. McArdle,* for appellants.

*L. B. Vincent* and *D. V. & Lane Morthland,* for respondent.

Weaver, J.—This is an action upon a promissory note.

Plaintiff sold his ranch to defendants for $25,000.  He received $9,000 cash, and a promissory note and mortgage for $16,000.  In December, 1949, there was a balance of $4,347.85 due on the note.  Defendants claim this has been discharged (1) by payment of $3,000 on April, 1949; (2) by the delivery of wheat worth $600; and (3) by an accord and satis-

[1]Reported in 257 P. (2d) 209.

faction, or discount, of the balance. The note came into the possession of defendants in December, 1949, in a manner to which we will allude later.

The court found (1) that the $3,000 payment had not been made; (2) that wheat worth $418 had been delivered to plaintiff; (3) that defendants owed plaintiff $180 for telephone stock and prorated insurance; (4) that the promissory note, from which the signature had been torn, came into defendants' possession before its maturity, as an accommodation to them in order that they might refinance their interest in the ranch, and upon condition that they would execute new security for the balance owing.

Defendants appeal from a judgment against them.

Each of the appellants' assignments of error, except No. 5, stems from the refusal of the trial court to find that appellants made a payment of $3,000 in April, 1949.

In his memorandum decision, the trial judge said:

"I might state that the Court approaches a decision in this case with the greatest humility because, in my opinion, the pivotal and crucial point in the case is a determination of whether or not there was a three-thousand-dollar payment made on the note in question, in cash. Upon the decision on that factual issue, I think, determines the final outcome of this case, from a reasonable point of view. The defendant testified unequivocally that he paid $3,000.00 in cash, which should have been credited upon the note.

"The plaintiff, on the other hand, unequivocally denies the making of such a payment and, as I say, the Court approaches the resolution of this question with deep humility. The Court must find one way or the other, I think, to make an intelligent decision in this case. . . .

"THE COURT FINDS, as a matter of fact, from the evidence adduced, that the note was delivered upon the condition and understanding that the defendant would secure the plaintiff for the balance due and, of course, in making that finding, the Court makes a finding that the $3,000.00 in cash was not paid, as contended for by the defendant."

There is a legion of our decisions stating that this court, being an appellate court and *not the trier of facts*, will not disturb a finding of the trial court unless we can say that the evidence preponderates against it. Our first

duty is not to resolve a conflict of fact—that is the province of the trial judge. Our primary duty is to decide whether the opposing evidence exceeds in weight the evidence supporting the finding. If it does exceed in weight, then it can be said that the opposing evidence preponderates, and it is from the opposing evidence that a different finding springs.

*In re Dand's Estate*, 41 Wn. (2d) 158, 162, 247 P. (2d) 1016, we said:

"The record is replete with detailed evidence, inconsistent and conflicting upon most material issues. It would add nothing to the case authority of this jurisdiction to discuss it at length. . . .

"This case is a striking example of the wisdom of our rule that the trial court, having the witnesses before it, is in a better position to arrive at the truth than is the appellate court. The respondents are entitled to the benefit of all evidence and reasonable inference therefrom in support of the findings of fact entered by the trial court. Two different theories were presented. The trial court rejected one and accepted the other. After an examination of the record, we cannot say that the evidence preponderates against the findings."

After an examination of this record, we cannot say that the evidence preponderates against the findings of the trial court. We accept them as the established facts of the case. The court did not err in finding that the alleged $3,000 payment had not been made.

This conclusion disposes of that portion of assignment of error No. 5 directed to the finding of fact that 209 bushels of wheat (valued at $418) were delivered to respondent instead of 300 bushels as contended by appellant. It also disposes of appellants' argument that respondent had not met the burden of proving that the makers' signatures had been mutilated without authority of the payee.

The remainder of assignment of error No. 5 is directed to the court's finding that appellants had promised to pay $75 for one share of stock of the Moxee Telephone Company which had been transferred to them. The argument in appellants' brief on this point contains no page reference to the statement of facts, as required by Rule on

Appeal 42 (6), 34A Wn. (2d) 46. However, the evidence shows the transaction to have been based upon an oral contract entirely separate and apart from the principal transaction. Hence, it did not contradict or vary the terms of the original earnest-money agreement which culminated in the sale of the ranch. The assignment of error is not well taken.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and OLSON, JJ., concur.