[No. 32859. Department One. September 13, 1954.]

THE CITY OF SEATTLE, *Appellant*, v. NORMAN H. LOUGH et al., *Respondents.*[1]

A. C. Van Soelen and Charles R. Nelson, for appellant.

Sweet, Wolf & Merrick, for respondents.

[1]Reported in 273 P. (2d) 984.

FINLEY, J.—In this case, the city of Seattle is suing for damages to one of its emergency vehicles occasioned by a collision between it and the passenger car of defendants.

The collision occurred at night, in dry weather, at the intersection of Broadway and Union streets in Seattle. This intersection is a blind one. It has large buildings on all four corners. Traffic is controlled by a four-way green and red electric light signal, designed to stop traffic in all directions upon the approach of an emergency vehicle. The emergency four-way red light feature of the signal was not operating at the time of the collision because of a defective fuse in the electric control system.

The city's vehicle, its siren sounding and red light flashing, was responding to an emergency call and proceeding east on Union street. It entered the intersection against a red light. Just prior thereto, it had pulled left over the center line of the street to avoid two automobiles which were stopped at the red light signal at the intersection. Its speed is a matter of dispute, the city claiming it was twenty-five miles per hour, defendants claiming it was upward of thirty miles per hour.

Defendants' car, driven by James Lough, was proceeding north on Broadway. It entered the intersection on a green light. The defendants testified that their windows were closed; that they did not hear the siren nor see the light until the collision. James Lough testified that the car radio was playing. His wife was not sure of this. Another automobile preceded defendants' car through the intersection (on the green light) by about fifteen feet. The occupants of this car testified that they were traveling at about fifteen to twenty miles per hour; that the windows of their car were closed; that their radio might or might not have been playing, but that they did not see the emergency vehicle's flashing red light nor hear its siren. A driver of a convertible, traveling west on Union with the top of his car down, was approaching the intersection and the oncoming emergency vehicle, and testified that he heard the siren

and saw the flashing light at approximately four hundred feet east of the intersection.

The trial court's finding of fact No. VII reads as follows:

"The defendant James Lough entered the aforementioned intersection with the green light; said defendant, due to the circumstances there existing, did not see the red signal light nor hear the plaintiff's siren until immediately prior to the impact; that therefore said defendant did not have an opportunity to avoid said collision, nor to clear the intersection, and that under these circumstances there is no evidence that said defendant should have heard plaintiff's siren or seen plaintiff's red light in sufficient time to clear the intersection and avoid the collision, and that said defendants are not guilty of any negligence. Nor was plaintiff guilty of any negligence and plaintiff's vehicle was damaged in the amount of $810.00."

Being of the opinion and concluding that the defendants were not negligent, the trial court dismissed the action. This appeal followed.

The city of Seattle, appellant in this case, assigns error to the trial court's finding of fact No. VII, contending that the evidence showed that the defendants were negligent in failing to allow the right of way to the city emergency vehicle. In support of their contrary position, respondents cite and quote from *Rogers v. Los Angeles*, 6 Cal. App. (2d) 294, 44 P. (2d) 465, as follows:

"Her duty to give the right of way to the ambulance was based upon her knowledge of its approach. . . . Unless she knew or in the exercise of ordinary care should have known that the ambulance was approaching, the plaintiff driving the coupe was under no obligation to anticipate its presence."

To the same effect, respondents quote from *Balthasar v. Pacific Electric R. Co.*, 187 Cal. 302, 202 Pac. 37, 19 A. L. R. 452, as follows:

"Notice to the person required to yield the right of way is essential, and a reasonable opportunity to stop or otherwise yield the right of way necessary in order to charge a person with the obligation fixed by law to give precedence to the fire apparatus."

Basically, respondents contend that the only question involved is one of fact, and that the evidence does not clearly preponderate against finding No. VII of the trial court (above quoted), and, pursuant to the rule on appeal applicable in such cases, the judgment of the trial court should be affirmed. *Peterson v. Schoonover*, 42 Wn. (2d) 621, 257 P. (2d) 209; *Feeley v. E. R. Butterworth & Sons*, 42 Wn. (2d) 837, 259 P. (2d) 393.

We agree with respondents that the judgment of the trial court should be affirmed. Accordingly, it is so ordered.

GRADY, C. J., MALLERY, HAMLEY, and OLSON, JJ., concur.