[No. 35166.   Department One.   January 21, 1960.]

ROBERT L. HONTZ, *Appellant*, v. DENNY A. WHITE *et al.*, *Respondents.*[1]

*Greive & Law* and *Roderick D. Dimoff,* for appellant.

*Lycette, Diamond & Sylvester* and *Meade Emory,* for respondents.

HUNTER, J.—This is an appeal from an order granting the defendant's motion for summary judgment dismissing the plaintiff's complaint with prejudice.  Plaintiff brought this action to recover damages for personal injuries suffered in an automobile collision.  Defendants cross-complained seek-

[1]Reported in 348 P. (2d) 420.

ing recovery for damage to their automobile, alleged to have proximately resulted from plaintiff's negligence. Following plaintiff's answer to the cross-complaint, the defendants interposed a motion for summary judgment. The trial court thereupon entered an order granting the defendants' motion dismissing plaintiff's complaint and determining the plaintiff liable as a matter of law, leaving only the question of the damages to be awarded to the defendants on their cross-complaint and the matter of costs to be determined at the trial.

Prior to any further proceedings in the action, the plaintiff instituted this appeal from the trial court's order.

■ We do not reach a consideration of appellant's assignments of error in this case since the order from which this appeal is taken is not an appealable order. The order entered by the trial court is within the contemplation of Rule of Pleading, Practice and Procedure 19 § 1 (c), RCW Vol. 0, as appears from the following language:

". . . A summary judgment, *interlocutory in character*, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." (Italics ours.)

Although titled an "Order Granting Defendants' Motion for Summary Judgment," such an order, as we pointed out in *Maybury v. Seattle*, 53 Wn. (2d) 716, 336 P. (2d) 878 (1959), is not a final adjudication but is, in effect, an order limiting the issues to be tried. Such an order is not an appealable order within the limitations of Rule on Appeal 14, RCW Vol. 0:

"Any party aggrieved may appeal to the supreme court in the mode prescribed in these rules from any and every of the following determinations, *and no others*, made by the superior court, or the judge thereof, in any action or proceeding:

"(1) From the final judgment entered in any action or proceeding. . . .

"(6) From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action; or (3) grants

a new trial; or (4) sets aside or refuses to affirm an award of arbitrators, or refers the cause back to them; . . ." (Italics ours.)

In the instant case the order entered by the trial court is not a final judgment under § 1 of Rule 14, for the reason, the issue of damages on the respondents' cross-complaint remains to be tried. Furthermore, this is not an order under § 6 of Rule 14, affecting a substantial right in a civil action for the reason that it does not determine the action and prevent final judgment, nor is the action discontinued thereby.

It has been a long-standing rule in this jurisdiction that appeals are not to be brought before this court piecemeal unless clearly authorized by statute. *In re Moore's Estate,* 36 Wn. (2d) 854, 220 P. (2d) 1079 (1950); *Maybury v. Seattle, supra.*

A review of the above order will be available to the appellant upon an appeal from a final judgment entered in this action, under Rule 14 *supra,* that

". . . An appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding either before or after the judgment. . . ."

The appeal is dismissed and remanded to the trial court for further proceedings.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.

---

March 9, 1960. Petition for rehearing denied.