[No. 35238.   Department Two.   August 4, 1960.]

WALTER OWENS et al., Appellants, v. RICHARD KURO et al., Respondents.

JACQUELINE K. FUGATE, Individually and as Administratrix, Respondent, v. HARRY H. NEWMAN et al., Appellants.[1]

[1]Reported in 354 P. (2d) 696.

*Lycette, Diamond & Sylvester* and *Martin L. Wolf,* for appellants.

*McCutcheon, Soderland & Wells,* for respondents Kuro *et al.*

*Moschetto & Alfieri,* for respondent Fugate.

FOSTER, J.—Appellant Owens was injured while riding in his own northbound automobile when his driver, appellant Newman, attempted a left turn in a light-controlled intersection. Owens' car collided with respondents Kuros' southbound car in which respondents JoAnne Kuro, Jacqueline Fugate and her husband, now deceased, were passengers.

Appellants Owens and Newman sued respondents Kuro, who cross-complained. Respondent Fugate, individually and as her husband's personal representative, sued appellants Owens and Newman, who, likewise, cross-complained. Negligence was the gravamen of all actions. The cases were all consolidated.

Respondents Kuro and Fugate moved for summary judgment urging that appellants Owens and Newman were negligent as a matter of law. At the pretrial conference, the court decided there was no genuine dispute respecting the negligence of Owens and Newman, and that they were negligent as a matter of law. Their complaint against the Kuros and cross-complaint against respondent Fugate were ordered dismissed. The pretrial order (mislabeled "Order Granting Summary Judgment") held appellants negligent as a matter of law and limited the trial to the issue of respondents' alleged contributory negligence and damages.

Respondent Mrs. Fugate, the passenger, had a verdict for twelve thousand five hundred dollars, upon which judgment was entered. A mistrial resulted in the action between respondents Kuro and appellants because the jury disagreed. Appellants' motion for new trial in both actions was denied, and this appeal followed.

Error is assigned to the pretrial order limiting the issues to be tried (mislabeled "Order Granting Summary Judg-

ment") and orders directing the dismissal of the complaint of Owens and Newman against the Kuros and the cross-complaint against Mrs. Fugate. The basis of the assignments is that there was a genuine dispute of fact as to appellants' negligence.

Error is also assigned to instructions.

Respondents Kuro move to dismiss the appeal in their action against appellants because there is no final judgment.

■ Appeals may not be brought piecemeal unless clearly authorized by law. In *Hontz v. White, ante* p. 538, 348 P. (2d) 420, there was an order dismissing plaintiff's complaint and finding plaintiff liable as a matter of law on the defendant's cross-complaint, but the question of damages remained for trial. We held that such an order is not a judgment but is interlocutory only, limiting the the issues to be tried. (See *Maybury v. Seattle,* 53 Wn. (2d) 716, 336 P. (2d) 878.) It does not affect a substantial right since the action was not determined or discontinued. The stage for final judgment had not yet been reached. At any time before judgment, the order could be revised or changed. In *Coffman v. Federal Laboratories,* 171 F. (2d) 94, it was held:

"Subsection (d) [of Rule 56] simply provides for a method whereby the trial judge with the aid of counsel can point up the controverted issues. It is, moreover, similar to the pretrial procedure provided for in Rule 16 and the matters determined in the issues so framed are not foreclosed in the sense that the judge cannot alter his conclusions. The action of interpreting the orders, therefore, did not become final for the purposes of appeal and it did not have the effect of a final judgment. The court retained full power 'to make one complete adjudication on all aspects of the case when the proper time arrive[d].' That time was when the judgment in the whole proceeding was entered. Therefore, even if we accept the plaintiff's contention as to what was determined by the motion, the court was still free to alter its view as to interpretation of the orders at a later stage of the proceedings. . . ."

Accord: *Audi Vision Inc. v. RCA Mfg. Co.,* 136 F. (2d) 621, 147 A. L. R. 574.

In the *Hontz* case, *supra,* the issue of damages remained to be tried; there was no final judgment. The order was not appealable within the provisions of Rule on Appeal 14, RCW Vol. 0.

We decline to review this interlocutory order prior to final judgment.

There remained for trial Kuros' contributory negligence and their damages, if any, proximately caused by appellants' negligence.

Although there was a trial on those issues, a mistrial resulted because the jury disagreed. There is no judgment. It is the same as if there had been no trial. This is an abortive appeal from a pretrial order narrowing the issues.

When there is a final judgment in the action between the appellants and respondents Kuro, the order of the trial court holding appellants negligent as a matter of law and limiting the issues for trial to the alleged contributory negligence of respondents Kuro and the amount of their damage, if any, may be reviewed. This aspect of the case is no different than if the court, at the conclusion of the appellants' case, had sustained a motion challenging the sufficiency of the evidence. Such action could be reviewed only by appeal from the final judgment. It is the same here.[2]

Appellants argue, however, that the present appeal in the Kuros' case should not be dismissed because (1) this court's determination of the propriety of the pretrial order with respect to the companion Fugate case will be conclusive of the issue of appellants' negligence in subsequent proceedings in the Kuros' action; and because (2) unless objection to the jury instructions is taken at this time with respect to the Kuros' action, such instructions would become the law of the case on retrial, foreclosing any right to test their correctness.

[2]Rule on Appeal 14 (1), RCW Vol. 0, provides, in part:

"From the final judgment entered in any action or proceeding. An appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding either before or after the judgment. . . ."

A judgment is not *res judicata* nor is one collaterally estopped by judgment in a later case if there is no identity or privity of parties in the same antagonistic relation as in the decided action. *Riblet v. Ideal Cement Co.*, 54 Wn. (2d) 779, 345 P. (2d) 173; *Rufener v. Scott*, 46 Wn. (2d) 240, 280 P. (2d) 253. An estoppel must be mutual and cannot apply for or against a stranger to a judgment since a stranger's rights cannot be determined in his absence from the controversy. In *State ex rel. First Nat. Bank v. Hastings*, 120 Wash. 283, 207 Pac. 23, this court approved the statement of 23 Cyc. 1238:

" 'It is a rule that estoppels must be mutual; and therefore a party will not be concluded, against his contention, by a former judgment, unless he could have used it as a protection, or as the foundation of a claim, had the judgment been the other way; and conversely no person can claim the benefit of a judgment as an estoppel upon his adversary unless he would have been prejudiced by a contrary decision of the case.' "

This problem was discussed with exceptional clarity by Presiding Judge Rentto in *Sodak Distributing Co. v. Wayne*, 77 S. D. 496, 93 N. W. (2d) 791, 795 (1958), as follows:

"Privity does not arise from the mere fact that persons as litigants are interested in the same question or in proving or disproving the same state of facts. Privity within the meaning of the doctrine of res judicata is privity as it exists in relation to the subject matter of the litigation, and the rule is construed strictly to mean parties claiming under the same title. It denotes mutual or successive relationship to the same right or property. The binding effect of the adjudication flows from the fact that when the successor acquires an interest in the right it is then affected by the adjudication in the hands of the former owner. 50 C. J. S. Judgments § 788; 30A Am. Jur., Judgments, § 399. . . ."

■ There was manifestly no privity between the Fugates and the Kuros. The Fugates were merely passengers in the car owned and operated by Mr. Kuro. Their right of action is not derived from Kuros, nor was there any

agency or contractual relationship between them. Mutuality of estoppel in the action between appellants and the Kuros is totally lacking.

A judgment for the plaintiff in an action growing out of an accident is not conclusive as to issues of negligence or contributory negligence in a subsequent action, arising out of the same accident, by a different plaintiff not in privity with plaintiff in the prior action against the same defendant.[3] The New York court of appeals correctly stated the controlling rule of law in *Elder v. New York & Pennsylvania Motor Express, Inc.*, 284 N. Y. 350, 31 N. E. (2d) 188, 133 A. L. R. 176, in the following words:

"If, as urged by respondent, we . . . permit a reliance upon a judgment as *res judicata,* where identical issues of liability upon a given set of facts are put at issue in two successive suits, and where a full and complete trial of those issues has been had, and there are no circumstances of record in the second suit which might reasonably justify a court in reaching a result contrary to the prior decision, then it would seem that we would eliminate entirely the requirements of mutuality of estoppel and of privity. In so doing it is submitted that this would overturn fundamental conceptions and overrule authorities. . . . "

Very recently, the California district court of appeal in *Nevarov v. Caldwell,* 161 Cal. App. (2d) 762, 327 P. (2d) 111, was obliged to decide whether or not a judgment for a plaintiff who claimed damages for injuries in an automobile accident was conclusive on the issue of negligence or contributory negligence in a subsequent action arising out of the same accident but brought by a different plaintiff against the same defendant. The result reached by that court after careful consideration was that the questions were not concluded by the first judgment. Many of the cases are collected in that opinion. The following analysis was quoted with approval:

---

[3]*Haverhill v. Internat. R. Co.*, 217 App. Div. 521, 217 N. Y. S. 522, affirmed without opinion, 244 N. Y. 582, 155 N. E. 905; *Rhines v. Bond,* 159 Va. 279, 165 S. E. 515; *Montgomery v. Taylor-Green Gas Co.*, 306 Ky. 256, 206 S. W. (2d) 919; *Price v. Atchison, Topeka & Santa Fe R. Co.*, 164 Cal. App. (2d) 400, 330 P. (2d) 933; *Trapeni v. Walker*, 120 Vt. 510, 144 A. (2d) 831; 50 C. J. S. 277, 280, § 757.

"Volume 57, Harvard Law Review, 98, 104: 'Thus, where in a suit by A against B it is found that B is negligent, the judgment is not conclusive against B in a subsequent action by C who was hurt at the same time and by the same conduct. To apply the alleged [opposite] tendency to this situation would mean that where a defendant was sued by forty people who were hurt in an explosion caused by the defendant, none of the actions being consolidated, the first adverse judgment would conclude the defendant on the question of his negligence in all subsequent actions, although in all cases prior to the judgment he had been successful.

" 'The idea that in general such an alleged rule should not be applied is not based on any belief that there must be "mutuality of estoppel." It results from the general principles of our system of litigation from which the rules of res judicata have evolved. These principles would seem to require that a party to an action should risk the loss of rights or the creation of liabilities only with reference to his adversaries, except in the rare case where the limitation would adversely affect relations between the adversary and a third person. This exceptional situation exists where an action is brought unsuccessfully by or against a person who, if the judgment were against him, would be under a duty of indemnity or contribution. It does not exist where there is no such duty of indemnity or contribution or where the first action is brought by or against a person who is only secondarily liable. Identity of issue in the two cases is not sufficient to bind the unsuccessful party in reference to all subsequent adversaries.' . . . "

Appellants will not be estopped in subsequent proceedings in the Kuros' suit from raising issues or instructions resolved as to the Fugate action. The fact that the Kuro and the Fugate actions were tried together is of no consequence. The two actions were consolidated only for trial convenience. The fact that there is a judgment in the Fugate case while the Kuro action must now be tried alone is of no moment.

In *Maybury v. Seattle, supra,* we announced:

" . . . It is not the function of this court to interfere in the ordinary process of litigation in the superior courts prior to final judgment, but our power, under the consti-

tution, is appellate only and limited to a review of such matters by appeal from the final judgment. . . .

"The orderly administration of justice demands that we refrain from reviewing pretrial orders in advance of trial. . . .

"The prime purpose of all of the new rules, but more particularly the summary judgment rule, is to secure the 'just, speedy, and inexpensive determination of every action.' To now introduce an interlocutory appeal . . . would put the whole process in reverse. Piecemeal appeals of interlocutory orders must be avoided in the interests of speedy and economical disposition of judicial business. To review the order complained of . . . would completely frustrate the very purpose of the summary judgment rule."

*Maybury v. Seattle, supra,* and *Hontz v. White, supra,* control. The abortive appeal in the action between appellants and respondents Kuro is, therefore, dismissed.

The appeal in the Fugate case is properly here. Appellants assign error to the pretrial order deciding that they were negligent and limiting the issues for trial to alleged contributory negligence of respondents and damages. Appellants claim there was a genuine issue of fact as to their negligence. In such circumstances, the evidence, together with all favorable inferences, must be viewed in the light most favorable to the party against whom the summary judgment was granted.

The factual summary is: At a light-controlled intersection, appellants' car moved into a left-turn lane and proceeded into the intersection on a green light. Appellant driver, exhibiting the proper turn signals, then stopped to allow opposing traffic time to clear the intersection before attempting to turn. When the light changed to amber, he attempted the left turn and was immediately struck by an oncoming car from the opposite direction. Although his view was unobstructed, he did not see the oncoming car until the impact. The oncoming car passed into the intersection on an amber light, or near the end of the amber light. It is clear, therefore, that either appellant

driver did not look beyond the intersection, or, if he did look, did not see what was there to be seen.

Based upon such facts, the court held that there was no genuine issue of fact as to appellants' negligence and that they were negligent as a matter of law. The court did not pass upon the issue of the contributory negligence of Kuro, the driver of the oncoming car, or of the Fugates, but left those issues for the jury to determine.

Respondents' contributory negligence is not involved in this appeal. The sole issue is appellants' negligence.

■ The law is clear. In *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533, this court held:

"All rights of way are relative, and the duty to avoid accidents or collisions at street intersections rests upon both drivers."

Whether appellant driver was favored or disfavored, he had the duty to look out for approaching traffic. Whether or not he actually looked or saw what was there, he was charged with seeing what was there to be seen. *Chess v. Reynolds,* 189 Wash. 547, 66 P. (2d) 297.[4] He turned directly into the path of an oncoming car which he should have seen. Such constitutes negligence as a matter of law.

Whether or not the oncoming car should have been there is another question, that of contributory negligence of the driver of that car, but that cannot affect the negligence of appellants in turning directly into the car's path.

Appellants urge, however, they had a right to rely on the fact that, since the light had turned amber, any oncoming vehicle would not proceed through the end of an amber light. Such contention would be meritorious had appellant driver seen the car approaching and from its actions rea-

---

[4] " . . . While appellant was the favored driver, the undisputed evidence clearly indicates that, while respondent's truck, which was a fairly large one, was in plain sight, appellant did not see it until practically the instant of contact. Appellant testified that he looked towards his left, but if he looked and did not see what was there, he is responsible for what he should have seen. Assuming respondent's negligence, we are satisfied that the trial court properly held that appellant was also guilty of negligence . . . " *Chess v. Reynolds,* 189 Wash. 547, 66 P. (2d) 297.

sonably relied upon it to stop. But the facts are not so. Appellant driver did not see the oncoming car, and therefore, could not have relied upon it to stop. One cannot merely depend on another's obeying a traffic signal without observing the situation. Even were a red signal exhibited, one could not rely on an oncoming vehicle to stop and move directly into its path where one has not looked and observed an indication that the vehicle would stop.[5]

In *King v. Molthan*, 54 Wn. (2d) 115, 338 P. (2d) 338, we held:

"One is not deceived by that which one does not see. *Smith v. Laughlin* (1958), 51 Wn. (2d) 740, 321 P. (2d) 907; *Hauswirth v. Pom-Arleau* (1941), 11 Wn. (2d) 354, 119 P. (2d) 674; see *Martin v. Hadenfeldt, supra* [157 Wash. 563, 289 Pac. 533]. If one sees the favored vehicle only an instant before the collision, there is again, no deception in the legal sense. *Zorich v. Billingsley* (1958), 52 Wn. (2d) 138, 324 P. (2d) 255. In such a case any deception that exists in fact cannot be the proximate cause of the collision that ensues. Furthermore, an obstructed vision of the favored vehicle cannot create a deception. *Shultes v. Halpin* (1949), 33 Wn. (2d) 294, 205 P. (2d) 1201. Deception presupposes a situation where the disfavored driver sees the favored vehicle, and has the opportunity to make a choice. *Hauswirth v. Pom-Arleau, supra.*"

Accord: *Langer v. Auto Interurban Co.*, 28 Wn. (2d) 343, 183 P. (2d) 188.

Appellant driver was, therefore, not justified in relying

[5]"The assumption [that other cars will observe traffic laws] is not unlimited, but is subject to the same restrictions as are other permissible assumptions as to the observance of the common-law and statutory duties of another driver, so that, in crossing in front of a vehicle coming from an intersecting street, the driver having the right of way cannot close his eyes to threatening danger, relying on the presumption that the other driver will use reasonable care and prudence and obey the traffic laws. The rule that a motorist has a right to assume that other users of the highway will not drive negligently and will obey stop signs applies only in favor of those whose conduct measures up to the standard of due care. If a driver does not notice a motorist approaching an intersection from the left, he cannot assert that he thought the motorist from the left would give him the right of way." 2 Blashfield Cyclopedia of Automobile Law and Practice (Perm. ed.) 298, 303, § 1028. See the cases cited therein.

on any oncoming vehicle to stop. In fact, in the instant case, had he seen what was there to be seen, he would have observed the oncoming car traveling rapidly toward the intersection without any indication of stopping.

The pretrial order with respect to appellants' negligence is proper.

Error is assigned to a number of instructions. The sole challenged instruction relating to the Fugate case was an abstract statement of the law of contributory negligence and was manifestly proper. The other challenged instructions relate solely to the issue of the contributory negligence of the Kuros and the computation of Mrs. Kuro's damages. Since those issues are irrelevant to the Fugate case, we do not pass upon them.

The judgment in the Fugate case is affirmed. The Kuros will recover costs in this court on the appeal that was dismissed. Mrs. Fugate will also recover costs.

WEAVER, C. J., FINLEY, ROSELLINI, and OTT, JJ., concur.