[No. 36048.    Department Two.    September 27, 1962.]

FRED GRABOS et al., *Appellants,* v. RALPH M. LOUDIN, JR., *et al., Respondents.**

*Roy E. Jackson* and *Daniel G. Goodwin,* for appellants.

*Carl P. Zapp,* for respondents.

*Reported in 374 P. (2d) 673.

HAMILTON, J.—This appeal arises out of an intersection collision between a private vehicle and an emergency vehicle.

The collision occurred at the controlled intersection of Southwest 152nd Street, a two-lane street, and First Avenue South, a multiple lane thoroughfare, near Seattle. Plaintiffs Grabos (appellants), traveling westerly upon Southwest 152nd Street, approached and entered the intersection with the green light in their favor. Defendant Ralph M. Loudin, Jr., a deputy sheriff driving a sheriff's patrol vehicle, accompanied by another deputy, was proceeding upon an emergency call, with siren sounding and a flashing red roof light on, in a southerly direction upon First Avenue South, and entered the intersection against a red traffic light. The weather conditions were poor, it being a windy, rainy day, and traffic at the intersection was moderate. The windows of plaintiffs' vehicle were closed.

Upon conclusion of the evidence, the trial court dismissed plaintiffs' action upon the grounds that plaintiff driver was contributorily negligent as a matter of law in failing to observe the approach of the emergency vehicle and accord it the right of way. Thereafter, the trial court denied plaintiffs' motion for a new trial. From these rulings of the trial court plaintiffs appeal.

It is undisputed that the sheriff's patrol vehicle was proceeding upon an authorized emergency call, and that the flashing red light was on. The plaintiff driver admits he did not look to his right as he approached and entered the intersection. From the relatively unobstructed nature of the intersection (exhibit No. 13), it is clear that had the plaintiff driver looked he would have seen the approaching patrol vehicle.

Some seven disinterested witnesses in the vicinity of the intersection and the two officers in the patrol vehicle testified as to the sounding of the siren as the patrol vehicle approached the intersection. One disinterested witness, standing at the southwest corner of the intersection, testi-

fied he did not hear the siren until immediately before the impact. Plaintiffs testified they did not hear a siren at any time.

■ At the outset, defendants contend plaintiff driver was contributorily negligent as a matter of law in failing to yield the right of way to an authorized emergency vehicle, which was sounding the required audible warning signal. Defendants rely, in this respect, upon Laws of 1937, chapter 189, § 93, p. 900 [*cf.* RCW 46.60.210], which provides:

"Upon the immediate approach of an authorized emergency vehicle, when the driver is giving audible signal by siren, exhaust whistle, or bell, the driver of every other vehicle shall yield the right of way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the public highway clear of any intersection and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a peace officer. Upon the immediate approach of an authorized emergency vehicle, street cars shall be stopped unless otherwise directed by a peace officer. When the operator of any vehicle is complying with the provisions of this section, he shall give proper hand signal indicating his intended movement."

In applying this statute, under similar circumstances, we have held that the duty to yield the right of way to an authorized emergency vehicle is premised upon knowledge of its approach. *Seattle v. Lough,* 45 Wn. (2d) 286, 273 P. (2d) 984; *Lakoduk v. Cruger,* 48 Wn. (2d) 642, 296 P. (2d) 690. While, under the testimony in this case, there can be little doubt that the emergency vehicle was audibly sounding its siren, the evidence, construed in a light most favorable to plaintiffs, gives rise to a question of fact as to whether plaintiff driver heard or should, in the exercise of ordinary care under the circumstances prevailing, have heard the siren. Accordingly, plaintiffs could not be held contributorily negligent as a matter of law upon this score in failing to yield the right of way.

Turning then to the ground upon which the trial court premised its rulings—that the plaintiff driver was contrib-

utorily negligent as a matter of law in failing to observe the approach of the emergency vehicle—the evidence is undisputed that (a) the flashing red roof signal of the patrol vehicle was operating; (b) the plaintiff driver, proceeding with the green traffic light, did not look to his right as he approached, entered and commenced crossing the intersection; and (c) the physical characteristics of the intersection are such that had plaintiff driver looked he could have seen the approaching emergency vehicle.

■ We have held, in a case involving private vehicles, that a driver proceeding into a controlled intersection with the green light in his favor, has the right to proceed upon the assumption that disfavored drivers will not attempt to enter the intersection against the traffic signal. *Church v. Shaffer*, 162 Wash. 126, 297 Pac. 1097.

This assumption, however, is not unlimited. As pointed out in *Lanegan v. Crauford,* 49 Wn. (2d) 562, 565, 304 P. (2d) 953:

"A green light is not a command to go, but only a limited permission to pass, having due regard for those already lawfully in the intersection. . . ."

And, in *Owens v. Kuro,* 56 Wn. (2d) 564, 573, 354 P. (2d) 696, we said:

" . . . One cannot merely depend on another's obeying a traffic signal without observing the situation. Even were a red signal exhibited, one could not rely on an oncoming vehicle to stop and move directly into its path where one has not looked and observed an indication that the vehicle would stop."

■ While the last two cited cases are clearly distinguishable upon their facts, and would offer little solace were we here dealing with a similar issue relating to a collision between private vehicles, in our opinion the limitations become most apropos when considering an intersection collision involving an authorized emergency vehicle responding to an emergency call. We stated in *Lakoduk v. Cruger, supra* (p. 645):

"Through the enactment of the Washington motor vehicle act (chapter 189, Laws of 1937, p. 835, as amended), the

applicable provisions of which are quoted *supra,* the legislature has declared it to be the express public policy of this state that a clear and speedy pathway shall be provided for the operation of emergency vehicles when actually responding to an emergency call.  .  .  ."

Accordingly, we agree with the trial court that, under the facts of this case, plaintiff driver was guilty of contributory negligence as a matter of law in failing to observe the approaching emergency vehicle.

The judgment is affirmed.

FINLEY, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.

---

November 1, 1962. Petition for rehearing denied.