BERNARD G. GIRSON et al., Appellants, v. PHYLISS CARTER
et al., Respondents.*

*Merges, Brain & Hilyer,* and *Gale P. Hilyer, Jr.,* for
appellants.

*Skeel, McKelvy, Henke, Evenson & Betts* and *Frederick
V. Betts,* for respondents.

ROSELLINI, J.—This is an intersection collision case. The
defendant concedes that she was not watching the signal
light as she entered the intersection and that, as a passen-
ger riding with her testified, it turned from yellow (warn-
ing) to red as she entered. She collided with the car driven
by the plaintiff, which had entered from the defendant's
right and was preparing to make a left turn. The left front
of the defendant's vehicle struck the left side of the plain-
tiff's vehicle, just behind the driver's seat.

According to the plaintiff's testimony, she entered the
intersection on the green light, having stopped for the red

*Reported in 454 P.2d 392.

light. The defendant having conceded that the evidence showed she entered the intersection on a red light, there is no dispute but that the plaintiff had the right of way. However, the jury found in favor of the defendant. The plaintiff, appealing, urges that an erroneous instruction was given and also that the court should have instructed the jury to return a verdict in her favor.

■ We find merit in both of these contentions. The rule is that a driver proceeding into a controlled intersection with the green light has a right to proceed upon the assumption that disfavored drivers will not attempt to enter the intersection against the traffic signal. *Church v. Shaffer,* 162 Wash. 126, 297 P. 1097 (1931), cited with approval in *Grabos v. Loudin,* 60 Wn.2d 634, 374 P.2d 673 (1962).

It is true that the driver entering on the green light does not have an absolute right and must look out for and avoid colliding with other vehicles also rightfully within the intersection. *Lanegan v. Crauford,* 49 Wn.2d 562, 304 P.2d 953 (1956). He also may be guilty of contributory negligence if he turns directly into the path of a vehicle traveling on the same street in the opposite direction, which he fails to see but which is there to be seen. *Owens v. Kuro,* 56 Wn.2d 564, 354 P.2d 696 (1960). Also, if an emergency vehicle is approaching on a side street, sounding its siren and flashing its light, he has a duty to be aware of its approach and yield the right of way. *Grabos v. Loudin, supra.*

However, the evidence in this case does not present any of these situations. The defendant's vehicle was not in the intersection when the plaintiff entered it but was approaching from the plaintiff's left; and the plaintiff, whether or not she saw it, had the right to assume that traffic approaching from that direction (with the exception of emergency vehicles) would stop and yield the right of way.

If there were any evidence that there was something in the manner in which the defendant's automobile was being driven which should have caught the plaintiff's attention and apprised her that it would not be brought to a halt at the intersection, a different question might be presented.

But the defendant's evidence was that she was driving at a rate of about 20 miles per hour, keeping up with the flow of traffic but not doing anything erratic, so there is no evidence on which a jury could base a finding that the plaintiff should have been alerted to the fact that the defendant would not obey the signal. The mere fact that the defendant entered the intersection illegally is not such evidence. If it were, the right of the favored driver at a controlled intersection would be effectively nullified.

As the plaintiff urges, the court erred in giving an instruction which permitted the jury to find that the plaintiff should have observed the defendant's approach and yielded the right of way. There was no evidence to support such a finding.

In support of the verdict, the defendant also urges that the jury might find that the plaintiff "jumped the light." The only evidence which she cites as permitting such an inference is the testimony of the defendant's passenger that the light changed from yellow to red just as the defendant's car was entering the intersection. The defendant says that the jury could infer that the front of the plaintiff's car could not cross two lanes of traffic in the same length of time that it took the front of the defendant's car to cross two lanes, since the plaintiff started from a stopped position, while she, the defendant, was traveling at 20 miles per hour.

In order to know whether the plaintiff's vehicle could have reached the spot where the defendant's vehicle collided with it in the same length of time that it took the defendant's vehicle to reach it, assuming both entered the intersection just as the light changed, presumably it would be necessary to know the exact speed at which each was traveling. There was no evidence as to the defendant's speed. She said she had been traveling at 20 miles per hour, but that she applied her brakes as soon as she saw the plaintiff. The slight damage suffered by the plaintiff's vehicle indicates that the defendant's vehicle was brought almost to a stop before the collision.

There was no evidence that a vehicle being brought to a halt would cover the distance from the edge of the intersection to the point of impact in less time than would a vehicle being accelerated. In short, the jury could only speculate on the possibility that the plaintiff had started up before the light changed; and since only a matter of a second or two was involved, it would be speculative indeed to surmise that the front of the plaintiff's vehicle would not have reached the lane in which the defendant was traveling before the defendant's vehicle had cleared the intersection, had the plaintiff started into the intersection after the light changed. In other words, it would be piling speculation upon speculation for the jury to find that there would have been no collision if the plaintiff had entered the intersection a moment or two later than she did, assuming it had inferred that she did "jump the light." Thus, not only is there no evidence on which a jury could reasonably base a finding of negligence on the part of the plaintiff, but also a lack of evidence that such negligence was a proximate cause of the collision.

■ The burden is upon the one alleging contributory negligence to prove the same, and a verdict cannot rest upon speculation and conjecture. There is in this record no evidence of contributory negligence.

■ The defendant's negligence having been established by her own admission, and it having been shown to have been the proximate cause of the collision, it was error to submit the question of the plaintiff's right to recover to the jury. Where the facts are undisputed and but one reasonable inference can be drawn from them, the question of negligence is for the court. *France v. Peck,* 71 Wn.2d 592, 430 P.2d 513 (1967).

The judgment is reversed and the cause remanded for a new trial to determine the plaintiff's damages.

HUNTER, C. J., HALE and NEILL, JJ., and DONWORTH, J. Pro Tem., concur.