[No. 405-2.    Division Two.    March 20, 1972.]

GLENN K. PANCOAST et al., Appellants, v. ARCHIE M. McLEAN et al., Respondents.

*Frederick G. Enslow* (of *Griffin & Enslow*), for appellant.

*William J. Rush* (of *Rush & Hayes*), for respondent.

PEARSON, J.—This case involves an intersection collision in which the plaintiffs, Glenn K. Pancoast and wife, who were in the favored vehicle, were denied recovery by the jury. The sole question on appeal is whether there was sufficient evidence of excessive speed on their part to warrant submission of the issue of contributory negligence to the jury. We affirm.

The accident occurred on March 15, 1969 at the intersection of Flanegan Road and Bridgeport Way in Pierce County. Defendant, Archie M. McLean, was northbound on Bridgeport Way and commenced a left-hand turn onto Flanegan when his 1968 Pontiac station wagon was struck on the right front side by plaintiff's 1967 Triumph, which was southbound on Bridgeport.

Bridgeport is a 2-lane blacktop county road that is wind-

ing and hilly near the accident scene. The posted speed limit was 40 miles per hour. Approximately 350 feet north of the intersection is a curve in the highway which prevented either driver from seeing the other until the Pancoast vehicle rounded the curve.

One inference from Pancoast's testimony was that he drove at the speed limit of 40 miles per hour until the time of the collision. There was no evidence of skid marks. McLean testified that when he commenced his turn the Pancoast vehicle was not in sight. He was of the opinion that Pancoast was driving at an excessive rate of speed, estimated at 60 miles per hour. McLean acknowledged that he only had a fleeting period of observation of Pancoast, but his estimate of excessive speed was based upon the time it took Pancoast to traverse the distance from the curve to the intersection.

There was also evidence that the lighter Triumph automobile pushed the heavier station wagon several feet sideways and there was extensive damage to both vehicles, as portrayed in photographic exhibits.

■ These factors were sufficient to raise an issue for the jury. While contributory negligence cannot rest on speculation or conjecture (*Girson v. Carter,* 76 Wn.2d 18, 454 P.2d 392 (1969)) it has been repeatedly stated that only in rare instances is the trial court warranted in withdrawing contributory negligence from the jury. *Berndt v. Pacific Transport Co.,* 38 Wn.2d 760, 231 P.2d 643 (1951); *Wines v. Engineers Ltd. Pipeline Co.,* 51 Wn.2d 487, 319 P.2d 563 (1957).

RCW 46.61.400 provides that when special hazards exist, a reasonable speed may be lower than the posted speed limit. Subsection (3) outlines certain hazards and conditions which require an "appropriate reduced speed"— namely, "when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway . . . " *See Thorstenson v. Degler,* 15 Wn.2d 211, 129 P.2d 996 (1942).

Pancoast testified that at all times he was traveling at the

maximum allowed speed of 40 miles per hour. Given the road conditions on Bridgeport Way near the accident scene, the jury should have been allowed to determine whether that speed was reasonable.

■ In addition to the statutory ground, we think there was sufficient probative evidence, when taken together, by which the jury could reasonably have determined that Pancoast was exceeding the posted speed. We agree with appellant, that McLean's estimate of a 60-mile per hour speed for Pancoast was based upon too short an observation time to have much probative value. However, no objection was raised to this opinion evidence, and, while it had little weight, the jury could consider it. In addition to this opinion, the jury was entitled to consider McLean's other testimony that Pancoast was not in sight when he commenced the turn. The distance of some 350 feet was traversed before McLean's car cleared approximately 11 feet of the southbound lane. The jury was also supplied with evidence that at 40 miles per hour it would have taken Pancoast 6 seconds to traverse the distance from the curve to the intersection. This testimony served as evidence from which the jury could determine that Pancoast's actual speed was greater than the posted speed.

The jury also had before it physical evidence of a violent impact and testimony that the small car pushed the station wagon sideways on the pavement. These factors, while not sufficient standing alone to establish excessive speed, were circumstantial physical evidence which could be considered by the jury in determining the speed of the Pancoast vehicle. *Knight v. Borgan,* 52 Wn.2d 219, 324 P.2d 797 (1958).

Judgment affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.