[No. 15620-6-III.   Division Three.   July 17, 1997.]

THE STATE OF WASHINGTON, *Appellant,* v. TONY
JOSEPH LEDENKO, *Respondent.*

*James R. Sweetser, Prosecuting Attorney,* and *Larry D. Steinmetz, Deputy,* for appellant.

*Mark E. Vovos,* for respondent.

THOMPSON, J. — The State of Washington appeals the dismissal of its second-degree rape charge against Tony Ledenko, contending Mr. Ledenko failed to appear on the scheduled day for the trial, and he waived his right to a speedy trial by failing to timely object to the violation. We affirm the dismissal.

The State charged Mr. Ledenko on October 24, 1995. He was arraigned on November 7, 1995, and trial was scheduled for January 22, 1996. The court's scheduling order noted the speedy trial period ended on February 1, 1996.[1]

In early January 1996, the deputy prosecutor assigned to the case made plans to attend a professional conference and take a vacation from January 20 to 31. At the time, the same deputy was handling two other cases in which Mr. Ledenko's attorney, Mark Vovos, was defense counsel.

The deputy prosecutor obtained a continuance in one of the unrelated cases, but not in the Ledenko case. In a letter to Mr. Vovos on January 19, 1996, the deputy prosecutor discussed the unrelated matters, but not the Ledenko trial, and said she would be in San Diego from January 20 to 31.

Meanwhile, the order setting Mr. Ledenko's trial was misfiled in the superior court clerk's office. The case therefore did not appear on the court's trial calendar for January 22, 1996, and the case was not called during the morning's docket call. The deputy prosecutor was not present for the docket call, but another deputy prosecutor was

---

[1]Although the State contends the time was miscalculated and the date should have been February 7, 1996, Mr. Ledenko was not brought to trial even before that date. We therefore do not address that question.

.

present at her request to seek a continuance and to obtain a speedy trial waiver. Mr. Ledenko "waited around" in the courthouse from approximately 8:30 to 8:45 A.M. Mr. Vovos was in Grant County that morning, and returned to Spokane by 1:00 P.M.

After she returned, the deputy prosecutor attempted without success to reach Mr. Vovos to obtain speedy trial waivers. On February 9, she asked the court for three retroactive, five-day extensions of the speedy trial date. When he learned of the request, Mr. Vovos immediately objected by letter to the court and later moved to dismiss the prosecution pursuant to CrR 3.3(i). The superior court entered various factual findings and dismissed the case. On the State's motion for reconsideration, the court supplemented its findings and again ordered dismissal. The State filed this appeal and later moved the superior court to vacate the dismissal. The superior court denied the motion on grounds it lacked jurisdiction. The State now contends the court erred in dismissing the case.

The State first contends here that the speedy trial period stopped running because Mr. Ledenko failed to appear for the trial on January 22, 1996. CrR 3.3(d)(2) provides:

> *Failure to Appear.* When a defendant who has already been arraigned fails to appear for any trial . . . the defendant shall be brought to trial not later than 60 days after the date upon which the defendant is present in the county where the criminal charge is pending and the defendant's presence has been made known to the court on the record, if the defendant is thereafter detained in jail or not later than 90 days after such date if the defendant is not detained in jail whether or not the defendant is thereafter subjected to conditions of release.

The State argues Mr. Ledenko failed to appear for trial on January 22. Mr. Ledenko, contending the issue is entirely factual, relies on the superior court's finding that

he was present at the courthouse that morning.[2] On the contrary, however, the facts are not in dispute, and the precise question is whether, under the circumstances, Mr. Ledenko failed to appear. Application of a court rule to a particular set of facts is a question of law, subject to de novo review. *State v. Carlyle*, 84 Wn. App. 33, 35-36, 925 P.2d 635 (1996).

The State contends a defendant fails to appear if he does not appear in court and make his presence "known to the court on the record." The State misreads the rule. CrR 3.3(d)(2) uses that phrase in referring to the time when the speedy trial period begins to run again, *after* a defendant's failure to appear. *See State v. Newkirk*, 122 Wn.2d 174, 178-80, 857 P.2d 1030 (1993); *State v. Hackett*, 122 Wn.2d 165, 169-74, 857 P.2d 1026 (1993). The phrase is not helpful in determining when a defendant has failed to appear and thus interrupted the speedy trial period.

This court has addressed similar problems in two previous cases. In *State v. Wilks*, 85 Wn. App. 303, 932 P.2d 687 (1997), the scheduled trial was not called because the parties and the court mistakenly assumed the defendant's petition for discretionary review automatically stayed the proceedings. We reversed the convictions because of the speedy trial violation, noting that because the trial was not called on the scheduled date, the defendant's presence was not required on that date. *Wilks*, 85 Wn. App. at 310.

And in *State v. Helms*, 72 Wn. App. 273, 864 P.2d 23 (1993), *review denied*, 124 Wn.2d 1001 (1994), the defendant's case was not called on the date scheduled for trial for unexplained reasons. The State argued the defendant was not in court that day, but this could not be verified. *Id.* at 274. In the absence of any proof that the defendant failed to appear, the court held CrR 3.3(d)(2) did not apply. *Id.* at 276.

---

[2]Mr. Ledenko also argues the State failed to make this argument before the superior court and thus is precluded from raising the issue on appeal. *See Seattle-First Nat'l Bank v. Shoreline Concrete Co.*, 91 Wn.2d 230, 240, 588 P.2d 1308 (1978); RAP 2.5(a). However, the record shows the State did raise the issue in its written motion for reconsideration and in oral argument of that motion.

■■ In this case, Mr. Ledenko did not present himself in the appropriate courtroom for the January 22 docket call, although he was in the courthouse. However, his presence for the docket call would not have mattered, since his case was not on the court's calendar for that day. As we will discuss in more detail below, a defendant bears some responsibility for ensuring compliance with the speedy trial rule. But that responsibility should not include rectifying the superior court's own clerical error in managing its calendar. In light of this clerical error, it is not clear what Mr. Ledenko (or even his attorney, if he were present) could have done to "appear." The superior court bears a significant responsibility to assure a defendant is brought to trial in accordance with the rule. CrR 3.3(a); *see State v. Johnson*, 56 Wn. App. 333, 337, 783 P.2d 623 (1989). The court's error here *prevented* Mr. Ledenko from appearing, and CrR 3.3(d)(2) does not apply.

■ The State also contends Mr. Ledenko waived his right to a speedy trial by failing to timely object to the violation. CrR 3.3(f)(1) and (2) require that a defendant object within 10 days if a trial is set or reset outside the speedy trial period. The State relies in part on three cases in which the courts held defendants had waived their speedy trial rights by failing to object when their trials were set or reset outside the applicable periods. *See State v. Malone*, 72 Wn. App. 429, 432, 864 P.2d 990 (1994) (defendant failed to object when initial trial date was set); *State v. Becerra*, 66 Wn. App. 202, 205, 831 P.2d 781 (1992) (defendant failed to object to continuance); *State v. Austin*, 59 Wn. App. 186, 196, 796 P.2d 746 (1990) (defendant failed to object when trial date was reset). Those authorities and CrR 3.3(f)(1) and (2) do not apply directly here, because Mr. Ledenko's January 22 trial date was within the applicable speedy trial period.

The State relies heavily on *State v. Carson*, 128 Wn.2d 805, 912 P.2d 1016 (1996). In that case, the defendant's trial was scheduled for July 20, 1992; the trial was not held that day or the next day, when the trial judge, the

prosecutor, and the defense attorney all were involved in trial of an unrelated case. *Id.* at 808-09. Defense counsel later moved to dismiss because the State had not brought the defendant to trial within the applicable speedy trial period. *Id.* at 809. Defense counsel stated he did not object to the original trial date because it was within the speedy trial period, and he had no obligation to call the State's attention to the fact the period was expiring. *Id.* at 810. The trial court granted retroactive five-day continuances to rectify the problem. *Id.*

On appeal of the defendant's conviction, the Supreme Court first determined the speedy trial period expired on July 21, 1992, but the trial court had properly extended the period retroactively because both counsel and the trial judge were unavailable on July 21, and this circumstance was "unavoidable" under CrR 3.3(d)(8). *Carson,* 128 Wn.2d at 811-15.

*Carson* is factually distinguishable. Here, the State has not argued there were "unavoidable or unforeseen circumstances" that would have justified an extension of the speedy trial date under CrR 3.3(d)(8). Certainly the prosecutor's unavailability was not unforeseeable or unavoidable, since she recognized the potential problem and obtained a continuance in an unrelated case involving Mr. Vovos. The *Carson* holding does not apply here.

We affirm the superior court's dismissal.

SWEENEY, C.J., and KURTZ, J., concur.

Review denied at 134 Wn.2d 1003 (1998).