[No. 82671-4. En Banc.]
Argued January 26, 2010. Decided March 25, 2010.

THE STATE OF WASHINGTON, *Respondent*, v. ABDINASIR A. OSMAN, *Petitioner*.

*Christine A. Jackson* (of *The Public Defender*), for petitioner.

*Daniel T. Satterberg, Prosecuting Attorney,* and *Christina Miyamasu, Deputy,* for respondent.

¶1 SANDERS, J. — We are asked to decide whether a missing portion of the electronic record of a suppression hearing—containing the end of the cross-examination of the defendant, the redirect examination, arguments from counsel, admission of an exhibit (to which the defense objected), and the trial court's findings of fact and conclusions of law—is "significant or material" under RALJ 5.4. Because the missing portion is material to an appeal here, the defendant is entitled to a new trial.

## FACTS

¶2 According to the testimony of the arresting officer, the officer stopped a vehicle driven by Abdinasir Osman because the vehicle was swerving. The officer detected the odor of alcohol and observed that Osman was moving slowly, stumbling, and was argumentative; had bloodshot eyes and slurred speech; and a test of Osman's sight indicated he was intoxicated. The officer arrested Osman for driving under the influence of alcohol (DUI).

¶3 Osman testified that he was not drinking and did not understand the officer because he speaks Somali and knows only one or two words of English. He moved the district court to suppress statements he made after he was advised of his *Miranda*[1] rights and to suppress his refusal of a breath test, based upon this alleged language barrier. Osman also challenged whether the officer had reasonable suspicion to pull him over and probable cause to arrest him. The trial court suppressed Osman's refusal of a breath test, admitted his statements after *Miranda* warnings, and determined there was reasonable suspicion to pull him over and probable cause to arrest him. Osman was convicted of DUI at trial.

¶4 Osman appealed but, prior to briefing the issues, the district court informed him that a portion of the electronic record of the suppression hearing was missing. This portion included the end of the State's cross-examination of Osman, the defense's redirect examination, arguments of counsel, admission of an exhibit indicating his prior reckless driving conviction and sentence—to which defense counsel objected—as well as the trial court's oral findings of fact and conclusions of law.

¶5 Osman moved the superior court for a new trial under RALJ 5.4 due to the missing electronic record. The superior court remanded the issue to the district court. The district

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

court held the missing portion was not significant or material and thus Osman was not entitled to a new trial. The superior court reviewed the issue de novo and reversed, holding that the missing portion was material. The Court of Appeals agreed with the district court that the missing portion was not material under an abuse of discretion standard of review and reversed. *State v. Osman*, 147 Wn. App. 867, 197 P.3d 1198 (2008).

## STANDARD OF REVIEW

■ ¶6 This court reviews the interpretation of court rules de novo. *State v. Robinson*, 153 Wn.2d 689, 693, 107 P.3d 90 (2005).

## ANALYSIS

¶7 Three issues are disputed here: the scope of the court of limited jurisdiction's review on remand under RALJ 5.4 as to whether the electronic record is lost or missing and whether it is significant or material, the standard used to review that court's determination, and whether this lost record is significant or material.

I. Does RALJ 5.4 grant authority to a court of limited jurisdiction to determine only whether the electronic record is lost, or also whether the lost record is significant or material?

■ ¶8 The language of RALJ 5.4 requires the court of limited jurisdiction to determine *both* whether the record is lost and whether it is significant or material. "The court of limited jurisdiction shall have the authority to determine *whether or not significant or material portions of the electronic record have been lost or damaged* . . . ." RALJ 5.4 (emphasis added).

¶9 Osman argues the phrase "significant or material" should be read out of the statute because when the above sentence was first proposed to the Supreme Court, the

drafter's intent was for the court of limited jurisdiction to decide only whether a portion of the record was missing.[2] *See* 4B KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RALJ 5.4, at 259 (7th ed. 2008). Osman's argument fails for two reasons. First, the language of RALJ 5.4 unambiguously includes a "significant or material" determination by the court of limited jurisdiction; unambiguous language leaves no room to consult other sources. *See State v. Thielken*, 102 Wn.2d 271, 275, 684 P.2d 709 (1984) (When reviewing a statute, its clear language must be afforded its plain meaning, without resorting to rules of statutory construction.). Second, even if the rule were ambiguous, Osman's interpretation should not be adopted. "Court rules must be interpreted so that 'no word, clause or sentence is superfluous, void or insignificant.' " *State v. Dassow*, 95 Wn. App. 454, 458, 975 P.2d 559 (1999) (quoting *State v. Raper*, 47 Wn. App. 530, 536, 736 P.2d 680 (1987)). Osman's interpretation renders the "significant or material" language meaningless.

II. What standard of review is used for a court of limited jurisdiction's determination of the materiality of a lost record under RALJ 5.4?

¶10 RALJ 5.4 does not specify the standard by which a superior court reviews a determination of the court of limited jurisdiction. Whether this review is de novo or for an abuse of discretion is an issue of first impression in this court. The superior court reviewed the trial court's entire determination de novo. The Court of Appeals applied an abuse of discretion standard.

■■ ¶11 As a practical matter, the trial court must make *two* distinct determinations when it considers materiality under RALJ 5.4. First, the trial court must deter-

---

[2] Osman also asserts that RALJ 6.3.1(d)(3) supports this reading because the rule states, "Disputes concerning the completeness or accuracy of the transcript shall be decided by the superior court." But that deals with the *transcript*. No party here argues that a transcription was incomplete or inaccurate, but rather that the *electronic record* itself is. It is the court of limited jurisdiction that has the duty to make and retain its electronic records. *See* RALJ 5.1, 5.2.

mine the content of the lost record. Here, the trial court reviewed its notes and the docket, permitted the parties to speak on the issue, and then made a factual finding as to what generally was discussed during the missing portion of the record. Such a factual finding is based upon credibility determinations among the sources available and is subject to review for sufficiency of evidence. Here, neither party disputes the trial court's characterization of what the missing record contained.

¶12 The dispute is over the standard of review for the trial court's second determination where it concluded that the contents of the missing record were not significant or material pursuant to RALJ 5.4. That is a legal determination—whether the facts satisfy the requirements of the rule. Review is de novo. *See State v. Frankenfield*, 112 Wn. App. 472, 475, 49 P.3d 921 (2002) ("Application of a court rule to a specific set of facts is a question which this court reviews de novo." (citing *State v. Ledenko*, 87 Wn. App. 39, 42, 940 P.2d 280 (1997))); *cf. State v. Dearbone*, 125 Wn.2d 173, 178, 883 P.2d 303 (1994) (de novo review of whether facts constituted "good cause").

¶13 The Court of Appeals identified three rationales to employ an abuse of discretion standard, none of which supports doing so. First, it stated de novo review "is contrary to the clear language of [RALJ 5.4]," *Osman*, 147 Wn. App. at 878, but there is no such "clear language." RALJ 5.4 gives the court of limited jurisdiction "the authority to determine" whether the portions are lost and significant or material, but it is silent on what standard of review is appropriate.

¶14 Second, the Court of Appeals reasoned that a trial court exercises discretion to determine whether the missing record is material. *Osman*, 147 Wn. App. at 878-79. Unfortunately the Court of Appeals did not elaborate on what discretion it envisioned was necessary in the trial court's determination. "Discretionary" is commonly defined as "involving an exercise or judgment and choice, not an implementation of a hard-and-fast rule," BLACK'S LAW DICTIONARY

534 (9th ed. 2009), and "discretion" as "the latitude of decision within which a court or judge decides questions arising in a particular case not expressly controlled by fixed rules of law according to the circumstances and according to the judgment of the court or judge . . . ," WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 647 (2002). Discretion in judicial decisions is most often evidenced by a need for the court to balance or weigh competing interests or factors. *See, e.g., State v. Boyd*, 160 Wn.2d 424, 433, 158 P.3d 54 (2007) (recognizing the discretionary nature of the balance of interests inherent in discovery); *State v. Downing*, 151 Wn.2d 265, 273, 87 P.3d 1169 (2004) (discussing the balancing required in a trial court's exercise of discretion in granting a continuance). Here the trial court judge considered his personal notes, the docket entry, and counsels' representations to determine the content of the missing record. Having established the facts, the trial court was left with determining only whether those facts—the contents of the missing record—were "significant or material" to the appeal under RALJ 5.4. There is no discretion—no latitude in decision-making or weighing of interests—that the trial court could exercise in its materiality determination. Under RALJ 5.4 either those facts are "significant or material" or they are not; that legal determination requires de novo review.

¶15 Third, the Court of Appeals reasoned that "the trial court is in the best position to determine if the missing portion is significant or material and is grounds for a new trial."[3] *Osman*, 147 Wn. App. at 878. The trial court might have an advantage in determining what was material to *its* decision. However, as discussed in the next section, the issue is whether the missing portion is material *to an*

---

[3] This is a misstatement of the rule. RALJ 5.4 does not permit the trial court to determine whether the missing portion "is grounds for a new trial." If a missing portion is material, the appellant "*shall* be entitled to a new trial." RALJ 5.4 (emphasis added).

*appeal.*[4] The trial court is not in a better position to determine whether evidence is material to an appeal, particularly when the appellant might argue the trial court overlooked or erroneously believed evidence to be immaterial in its first decision.

¶16 The State argues that materiality reviews under comparable rules are reviewed for an abuse of discretion. *See* Am. Br. of Appellant 9-10. However, the rules and cases it cites are not comparable here because (a) they deal with discovery issues—an area in which trial courts are afforded substantial deference because, being present for the entirety of the pretrial and trial, the trial court is in the best position to exercise the inherent discretion in the management of discovery and administration of the trial and/or (b) the language of the relevant statute or rule expressly provides for the trial court to use its discretion. *See* RCW 10.55.060; CrR 3.3(f); CrR 4.7(e); CrR 4.7(h)(4); CrR 6.13(a) (all stating the court "may" take action). Here, there is no inherent discretion necessary to determine whether certain evidence is material for an appeal, and the language of RALJ 5.4 does not permit any such discretion.

¶17 In light of the above, the legal determination whether the missing portion is significant or material is reviewed de novo.

III. Was the loss of a portion of the electronic record of a suppression hearing—which included testimony upon which the court appeared to rely, the findings of fact, and the conclusions of law—significant or material?

¶18 RALJ 5.4 requires:

In the event of loss or damage of the electronic record, or any significant or material portion thereof, the appellant, upon motion to the superior court, shall be entitled to a new trial . . . .

---

[4] From the trial court's perspective, the inquiry whether missing portions are material to the appeal or to its findings of fact and conclusions of law will often be the same. But here the trial court's findings of fact and conclusions of law are missing. The consideration must be whether the missing findings and conclusions are material to an appeal.

 ¶19 If the lost record is significant or material, Osman receives a new trial.[5] RALJ 5.4 does not define the terms "significant" or "material." Under the common definition of the words, Osman is entitled to a new trial if the missing portion of the electronic record is important, influential, or warrants consideration. *See* BLACK'S, *supra*, at 1066 (defining "material" as "[o]f such a nature that knowledge of the item would affect a person's decision-making; significant; essential . . ."); WEBSTER'S, *supra*, at 2116 (defining "significant" as "having or likely to have influence or effect : deserving to be considered : IMPORTANT, WEIGHTY, NOTABLE"). This raises the next question: important, influential, or warranting consideration for what? Since the purpose of the electronic record is to preserve the matter for review, the missing portion must be important, influential, or warrant consideration for an appeal.

 ¶20 The missing portion of the electronic record included the only formal iteration of the trial court's findings of fact and conclusions of law—which will be the focus of the appellant's assignments of error. In the district court these are made orally on the record. RALJ 5.2(b). This missing portion is significant and material for appeal as it is the very basis of an appeal. Osman is entitled to a new trial under RALJ 5.4.

 ¶21 Additionally, the missing portion of Osman's testimony is significant and material for appellate review. The trial court concluded that Osman's English was sufficient to understand his *Miranda* rights and so refused to suppress statements he made admitting he drank alcohol that night, but concluded Osman's English was insufficient to comprehend the implied consent warnings for the breath test and so suppressed his refusal to take it. The arresting officer testified that Osman understood everything spoken

---

[5] Early in the litigation the State argued a new suppression hearing, rather than a new trial, would suffice. But RALJ 5.4 explicitly provides for a new trial.

to him in English, and Osman testified that he understood nothing. Thus, the trial court must have made credibility determinations based upon both of their testimonies, and those determinations were the basis of the trial court's findings of fact, which then provided a basis for its conclusions of law.[6] Because Osman prevailed on one issue, his testimony was significant and material in that it shaped the trial court's final determination. Yet a portion of the State's cross-examination of Osman and the defense's entire redirect examination is missing.[7] Osman's testimony was influential to the court's decision, and its loss is material.

¶22 The trial court judge appears to have determined the missing portions were not significant or material, reasoning he had sufficiently reconstructed the record by reading his personal notes into the record and noting that the clerk's docket entries were "quite extensive." Clerk's Papers (CP) at 347-48 (Tr. of Apr. 20, 2007 Remand Hr'g, King County Dist. Ct.); *see id.* at 348 ("I don't know of a better way of making a record."). But the inquiry under RALJ 5.4 is solely whether the missing portions of the electronic record are material; it does not envision or permit reconstruction of a narrative record from other sources.

¶23 Where reconstruction of the record is envisioned, court rules have no difficulty expressing it. RAP 9.3 expressly provides, "A narrative report of proceedings may be prepared if either the court reporter's notes or the videotape of the proceeding being reviewed are lost or damaged." RAP 9.4 then details what should be included in the narrative

---

[6] The Court of Appeals rejects the materiality of the testimony, reasoning credibility determinations are immaterial for an appeal because they cannot be reviewed on appeal. *Osman,* 147 Wn. App. at 881 (quoting *State v. Camarillo,* 115 Wn.2d 60, 71, 794 P.2d 850 (1990)). Yet what credibility determinations the trial court made *is* material because the appellate court must determine whether the findings of fact—also missing—are supported by substantial evidence regardless of whether that evidence is from credibility determinations or other sources.

[7] There is no basis here to conclude the *available* portion of Osman's testimony is material but the missing portions are not. Without the findings of fact, there is no basis to determine what portions the trial court found persuasive. The missing portions—even if they are not dispositive—warrant consideration and are notable and thus significant.

report. The court under RAP 9.5 then determines whether the narrative record recounts the events material to the issues on appeal to permit appellate review. *See State v. Tilton*, 149 Wn.2d 775, 783, 72 P.3d 735 (2003). Unlike the RAP, the RALJ makes no mention of reconstructing the record and provides no permission or procedure to do so.

¶24 The Court of Appeals characterized the trial court's use of its personal notes and the docket as an attempt to determine what the missing portion addressed in order to determine whether it was material. *Osman*, 147 Wn. App. at 879. Certainly a trial court can review any reasonable source to determine the *content* of the missing record. But the trial court and the Court of Appeals went beyond that, adopting the docket as a substitute for material portions of the missing record. *See* CP at 348 (Tr. of Apr. 20, 2007 Remand Hr'g); *Osman*, 147 Wn. App. at 880 ("[T]he court docket sets forth in detail the district court's findings and conclusions on the motion to suppress . . . ."). RALJ 5.4 does not permit replacing a lost, material record by reconstructing it from other sources; the rule resolves that issue by granting a new trial.

¶25 The Court of Appeals also circumvented the materiality of the missing record by surreptitiously reconstructing it with hypothetical musings on how the trial court arrived at its decision.[8] For instance, the Court of Appeals filled in the gap in the record explaining how Osman's English was sufficient to understand his *Miranda* rights but not to understand the implied consent warnings, reasoning, "While the *Miranda* warnings are straightforward and easy to understand, the implied consent warnings are not. The record also shows that because Osman exercised his right to an attorney after [the arresting officer] read the *Miranda* warnings, he understood those rights." *Osman*, 147 Wn.

---

[8] RALJ 9.1(b) requires the superior court to accept factual determinations that are supported by substantial evidence and "may reasonably be inferred from the judgment of the court of limited jurisdiction." But that rule covers situations where the findings of fact are unstated. RALJ 5.4 specifically addresses situations where they are missing due to a loss of the electronic record.

App. at 882. This post hoc rationalization of what the trial court might have found is an impermissible reconstruction of the record. An appellant is entitled to challenge the actual factual findings of the trial court. Their absence is very significant.

¶26 The Court of Appeals further concluded the missing portions were not material because, viewing the docket summary of the court's ruling, reasonable suspicion and probable cause existed. *See id*. at 880-81. But RALJ 5.4 does not provide for the trial court or the Court of Appeals to make a premature, substantive determination on the merits of the appeal at this stage. The issue is whether the missing record is important to or warrants consideration in an appeal; a party need not show at this stage that the appeal will prevail, nor is that issue yet ripe for the court to decide. The findings of fact and conclusions of law are significant and material because they were important to and warranted consideration in an appeal.

¶27 Because the missing portion of the electronic record is significant and material to the appeal, Osman is entitled to a new trial under RALJ 5.4 on remand.

MADSEN, C.J., and C. JOHNSON, ALEXANDER, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.