[No. 30002-1-III.   Division Three.   November 15, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. ISMAEL SANCHEZ, *Appellant*.

*Dennis W. Morgan*, for appellant.

*James P. Hagarty, Prosecuting Attorney*, and *Kevin G. Eilmes, Deputy*, for respondent.

¶1 KORSMO, C.J. — The trial date scheduled for this case came and went without the matter appearing on the calendar or the defendant making his presence known to the trial court. The failure to alert the trial court on the record to the mistake waived any objection to the timeliness of the ensuing trial date. The adjudication for second degree unlawful possession of a firearm is affirmed.

## FACTS

¶2 Ismael Sanchez was charged in the Yakima County Juvenile Court with second degree unlawful possession of a firearm and possession of a controlled substance, marijuana, after a search warrant was served at the residence in which he was staying. He was arraigned on the two charges on December 3, 2008. He pleaded not guilty and the court scheduled a pretrial hearing for December 17, 2008. No trial date was scheduled. Mr. Sanchez posted bond and remained out of custody.

¶3 The parties signed a continuance of the pretrial hearing on December 17 and scheduled a new pretrial hearing for January 20, 2009. At that hearing, the parties again agreed to a continuance and another pretrial hearing was scheduled for February 24. Mr. Sanchez signed a waiver of his right to a speedy trial on February 24, 2009. Concurrent with that waiver, a new pretrial hearing date of March

24, 2009, was scheduled. The open-ended waiver form did not specify an expiration period for the waiver. Clerk's Papers at 54.

¶4  Mr. Sanchez and his attorney were present in court on March 24 for the pretrial hearing. However, the case was not listed on the calendar and was not called. The deputy prosecutor assigned to the case was not present. Mr. Sanchez and counsel left the court without notifying the judge of their presence or of the fact that the case was supposed to have been on the calendar that day.

¶5  Over four months later, Mr. Sanchez was arrested on a new charge. He appeared in court on the firearm and marijuana charges on August 14. At that time, the court set a motion hearing for September 8 in order to hear a motion to dismiss. A briefing schedule was set. The motion was subsequently continued to September 16.

¶6  The court heard the motion on that date. The trial court ruled that Mr. Sanchez had not made his presence known on the record on March 24 and that he did not appear in court again until August 14. The court directed that August 14, 2009 was the new commencement date for the time for trial period.

¶7  A dozen more continuance orders—of both pretrial hearings and trial dates—and accompanying waivers of speedy trial were entered for the next 21 months. The case finally proceeded to trial on May 6, 2011. The marijuana possession charge was dismissed, but the court found that Mr. Sanchez had illegally possessed a firearm. The court imposed a standard sanction of 20 days in local custody.

¶8  Mr. Sanchez timely appealed to this court.

## ANALYSIS

¶9  This appeal challenges the trial court's failure to set a trial date within 15 days of arraignment and the timeliness of the trial under both the court rules and the constitution. Each issue is addressed in turn.

*JuCR 7.8(d)(1)*

¶10 Mr. Sanchez initially argues that the trial court erred by failing to schedule a trial date within 15 days of arraignment. Although he is correct, there is no remedy for the error.

¶11 The rule provides in part:

> (1) *Initial Setting of Hearing Date.* The court shall, within 15 days of the juvenile's actual arraignment in juvenile court, set a date for the adjudicatory hearing which is within the time limits prescribed by this rule and notify counsel for each party of the date set.

JuCR 7.8(d)(1).

¶12 Because Mr. Sanchez was arraigned on December 3, 2008, the court had until December 18 to set a trial date. That presumably was supposed to happen at the December 17 pretrial hearing.[1] However, the parties agreed on several occasions to continue the pretrial hearing and the court never had the opportunity to schedule a trial date.

¶13 Mr. Sanchez argues that the failure to schedule the trial date was error that should result in dismissal of his case. While the clear terms of the rule were not complied with, Mr. Sanchez was in part responsible for that fact because of the series of agreed continuances of the pretrial hearing, the first of which took the case beyond the 15-day period for trial setting. Whether or not Mr. Sanchez invited or waived this error is a question we do not need to decide because his proposed remedy does not follow from the violation.

■ ¶14 JuCR 7.8 is the time for trial rule in juvenile court. Except for nomenclature and procedural differences required by juvenile court practices, the rule is substan-

---

[1] Counsel who appeared with Mr. Sanchez at arraignment was permitted to withdraw from the case due to a conflict of interest. The need to appoint new counsel and consult over an appropriate trial date was the apparent reason trial scheduling was deferred to a subsequent hearing. Report of Proceedings at 7.

tially identical to CrR 3.3 and CrRLJ 3.3, which govern the time for trial in adult court. All three rules have the same dismissal remedy. In juvenile court, JuCR 7.8(h) speaks to remedy:

> A charge not brought to adjudicatory hearing within the time limit determined under this rule shall be dismissed with prejudice. . . . No case shall be dismissed for time-to-hearing reasons except as expressly required by this rule, a statute, or the state or federal constitution.

*Accord* CrR 3.3(h); CrRLJ 3.3(h).

■■ ¶15 The trial setting provision cited by Mr. Sanchez, JuCR 7.8(d)(1), is one portion of the time for trial rule. The clear terms of subsection (h) of that rule provide that dismissal is a remedy *only* for failure to have the adjudicatory hearing within the time limits. Dismissal is not available for any other rule-related reason. The Washington Supreme Court has recognized that this provision is a significant change from past practices. *State v. George*, 160 Wn.2d 727, 737-38, 158 P.3d 1169 (2007).

¶16 Accordingly, even if there was error here because the court had not scheduled the adjudicatory hearing within 15 days of the December 3 arraignment, it was of no consequence. The remedy of dismissal is available only when the adjudicatory hearing is not held within the time deadlines. The failure to promptly schedule that hearing does not itself require any remedy.

¶17 There was no prejudicial error in failing to promptly schedule a trial date.

*Time for Trial*

¶18 Mr. Sanchez strenuously argues that his time for trial rights under JuCR 7.8 were violated and that his case is governed by a factually similar case, *State v. Ledenko*, 87 Wn. App. 39, 940 P.2d 280 (1997). The trial court rejected the argument on the basis that Mr. Sanchez did not "appear" within the meaning of the rule when he showed up in

court for the March 24 pretrial hearing. The trial court correctly construed the rule and distinguished *Ledenko*.

¶19 The "commencement date" is the event—typically the arraignment—that begins the time for trial period. JuCR 7.8(c). The time period is 30 days for juveniles who are detained in custody and 60 days for those who are not detained. JuCR 7.8(b)(1)(i), (2)(i). Many events, such as continuances, will extend the time for trial period by excluding various time periods from the 30/60 day period. *See* JuCR 7.8(e). Other events, such as waiver of the time for trial period, reset the time period by creating a new commencement date. *See* JuCR 7.8(c)(2).

¶20 In *Ledenko*, decided under the previous version of the adult speedy trial rule, the defendant appeared for trial but the case was not on the calendar and was never called. Neither counsel was present; both were out of town. 87 Wn. App. at 40-41. Sometime later the matter was brought to the court's attention. The trial court dismissed the case for exceeding the speedy trial period. *Id.* at 41. On appeal, this court agreed that the rule was violated, finding that the State had not shown that the defendant failed to appear for trial. *Id.* at 42-44.

■ ¶21 Subsequent to *Ledenko*, the Washington Supreme Court adopted the modern time for trial rule in 2003. Under the current rule, a defendant's failure to appear for a mandatory hearing resets the time for trial by creating a new commencement date. JuCR 7.8(c)(2)(ii). The court also defined what constitutes an "appearance":

"Appearance" means the juvenile's physical presence in the court where the pending charge was filed. Such presence constitutes appearance only if (A) the prosecutor was notified of the presence and (B) the presence is contemporaneously noted on the record under the cause number of the pending charge.

JuCR 7.8(a)(2)(iii).

¶22 This definition effectively overrules the definition used in *Ledenko*. Being present in court but not addressing

the judge on the record—even through no fault of the defendant—is not an "appearance." Here, Mr. Sanchez failed to make an appearance at the March 24 calendar even though he was physically present in the courtroom. The prosecutor was not notified. The judge was not notified. To obtain the benefit of the rule, counsel had to advise the court of the calendaring error and have the court address the matter on the record. That did not happen. Thus, Mr. Sanchez failed to make an appearance on the record.

¶23 The trial court correctly denied the motion to dismiss.[2]

*Constitutional Speedy Trial*

¶24 Mr. Sanchez also argues that his right to a speedy trial under the Sixth Amendment and article I, section 22 of the Washington Constitution. This argument fails under the facts of this case.

¶25 The rights provided by the two constitutions are equivalent. *State v. Iniguez*, 167 Wn.2d 273, 290, 217 P.3d 768 (2009). We review de novo an allegation that these rights have been violated. *Id.* at 280. Because some delay is both necessary and inevitable, the appellant bears the burden of demonstrating that the delay between the initial accusation and the trial has crossed a line between ordinary and unreasonable to create a "presumptively prejudicial" delay. *Id.* at 283. Once this showing is made, courts must consider several nonexclusive factors in order to demonstrate whether the appellant's constitutional speedy trial rights were violated. *Id.* These factors include the length

---

[2] There were additional problems with the motion that we need only note. First, the trial date was never set, making it difficult to ascertain when or if the time for trial expired. Second, the open-ended waiver of February 24, 2009, operated to reset the time for trial period, but it is uncertain on this record what the new commencement date was. At a minimum, the new commencement date was no earlier than March 24. *See* JuCR 7.8(c)(2)(i). In addition, the resetting of the commencement date also brought in to play the buffer period of JuCR 7.8(b)(5), which would extend the trial date beyond the 60 days provided in the rule. Thus, if there had been an appearance on March 24, it was far from certain that there was a violation of the time for trial rule.

and reason for the delay, whether the defendant has asserted his right, and the ways in which the delay caused prejudice. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). None of the *Barker* factors are either sufficient or necessary to demonstrate a constitutional violation. *Iniguez*, 167 Wn.2d at 283.

¶26 There was a delay of nearly 30 months between arraignment and adjudication. This time period is more than sufficient to meet the defendant's initial burden. *Id.* at 291-92. It is thus necessary to turn to the four *Barker* factors to determine if the constitutional guaranty was violated.

¶27 The first factor is the length of the delay. Specifically, the concern is the difference between the time necessary to prepare for trial and the time the case is actually tried. As a simple possession case, this matter should have been fairly easy to prepare for trial. *Id.* at 292. Thus, the lengthy delay is a factor that weighs in the defendant's favor.

¶28 The second factor is the reason for the delay; this factor looks at the comparative contributions of the parties to the delay. *Id.* at 294. With the exception of the failed hearing on March 24, for which the court was responsible, the parties entered agreed orders on 16 occasions continuing the matter. The delay is largely attributable to both sides, but because of the scheduling error, some additional delay is charged to the government here. This factor slightly favors the defendant.

¶29 The third factor is whether or not Mr. Sanchez asserted his right to a speedy trial. *Id.* at 294-95. He did not. While he sought dismissal of the case after the failed March 24 hearing, he never sought to have an early trial date. Indeed, 12 more continuances over the next 21 months followed his reappearance in court. This factor favors the State.

¶30 The final factor is whether the defendant was prejudiced by the delay. *Id.* at 295. There was no prejudice here.

Mr. Sanchez remained out of custody on this charge the entire time period. There is no evidence that his ability to present a defense was hindered by the passage of time. This factor, too, favors the State.

¶31 On balance, the *Barker* factors favor the State. While the lengthy delay and the scheduling error both favor the defendant, the defendant's significant contribution to the delay, his failure to assert the right to a speedy trial, and the absence of prejudice to the defendant all weigh against his position. There was no violation of the constitutional right to a speedy trial.

¶32 The trial court correctly denied the motion to dismiss. Accordingly, the adjudication is affirmed.

BROWN and KULIK, JJ., concur.

Review denied at 178 Wn.2d 1009 (2013).