# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

MERLE PINNEY and AMANDA
PINNEY, and the marital community
composed thereof,

                    Appellants,

          v.

BELFOR USA GROUP, INC., d/b/a
BELFOR RESTORATION and/or
BELFOR PROPERTY RESTORATION,
a foreign corporation; ROBERT GALL
and JANE DOE GALL, and the marital
community composed thereof; and
JERRY MARTIN and JANE DOE
MARTIN, and the marital community
composed thereof,

                    Respondents.

No. 71037-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: October 20, 2014

SPEARMAN, C.J. — Merle and Amanda Pinney (Pinneys) sustained smoke

damage to their home and personal property when a wood stove malfunctioned.

They reported the claim to their insurance carrier, American Family (AFI), and at

AFI's suggestion, the Pinneys hired Belfor USA Group, Inc. (Belfor) to remove

and clean the affected property. The Pinneys were not satisfied with the cleaning

and filed a lawsuit against AFI, but not Belfor. The Pinneys settled with AFI and

dismissed all claims.

The Pinneys brought a subsequent lawsuit against Belfor for violation of the Washington Consumer Protection Act (CPA), arising out of the same losses from the smoke damage. The trial court dismissed the lawsuit on res judicata grounds. The Pinneys appeal the dismissal of their claims. We find no error and affirm the trial court.

## FACTS

Merle and Amanda Pinney sustained smoke damage to their home and personal property when a wood stove malfunctioned. The Pinneys reported the claim to their insurance carrier AFI, and elected to take part in AFI's homeowner repair program. The Pinneys hired Belfor, an AFI-approved contractor, to remove and clean the affected property. They were not satisfied with Belfor's work and filed a lawsuit (Pinney v. Amer. Family Mutual Ins. Co. et al., Snohomish County Superior Court, No. 11-2-02214-3; removed to W. D. Wash., No. C11-175 MJP) against AFI (AFI lawsuit) for violations of the Insurance Fair Conduct Act (IFCA) and the CPA. Belfor was not a party to this lawsuit.

In the AFI lawsuit, the court ruled on an evidentiary issue and determined that Belfor was acting as AFI's agent when it made a guarantee that the Pinneys' clothing would be returned "neutral and fresh." Clerk's Papers (CP) at 433. The court also found that all of the Pinney's damages had been paid by AFI through a Content Award and dismissed most of their claims on summary judgment. The only claim not dismissed was related to AFI's alleged failure to disclose the extent of the Pinneys' coverage. The parties settled and the Pinneys released all remaining claims against AFI. The settlement agreement specifically excluded

Belfor from this release. The federal court entered a final judgment dismissing all claims with prejudice.

The Pinneys brought this lawsuit against Belfor (the Belfor Lawsuit), alleging a single claim that was related to the same smoke damage and the same "guarantee." They claimed Belfor, acting separately from AFI, misrepresented its services by promising that their clothing and possessions would be returned "neutral and fresh." CP 180-1. Belfor moved for summary judgment, asserting that the Pinneys' claims were barred by res judicata and that they failed to prove a CPA claim. The trial court agreed and dismissed the lawsuit. The Pinneys moved for reconsideration, claiming that Belfor had waived its right to assert res judicata by failing to plead it in its answer. The trial court denied the motion for reconsideration. The Pinneys appeal the dismissal of their claims on summary judgment.

DISCUSSION

Standard of Review

The application of court rules to a particular set of facts is a question of law that is reviewed de novo. <u>Buckner, Inc. v. Berkey Irr. Supply</u>, 89 Wn. App. 906, 911, 951 P.2d 338 (1998). This court also reviews a trial court's order granting summary judgment de novo. <u>Cerrillo v. Esparza</u>, 158 Wn.2d 194, 199, 142 P.3d 155 (2006).

Waiver of Affirmative Defense

The Pinneys claim that Belfor waived its right to raise res judicata as an affirmative defense under CR 8(c) because Belfor failed to plead it at the outset.

3

Belfor argues that the Pinneys cannot claim waiver on appeal because they failed to raise the issue at summary judgment. Belfor also claims that the Pinneys failed to demonstrate any surprise or prejudice regarding the res judicata defense. We agree with Belfor.

CR 8(c) provides that a party "shall set forth" in a responsive pleading "any ... matter constituting an avoidance or affirmative defense," including res judicata. Generally, affirmative defenses are waived unless they are "(1) affirmatively pleaded, (2) asserted in a motion under CR 12(b), or (3) tried by the express or implied consent of the parties." Henderson v. Tyrrell, 80 Wn. App. 592, 624, 910 P.2d 522 (1996) (quoting Bernsen v. Big Bend Elec. Co-op., 68 Wn. App. 427, 433-34, 842 P.2d 1047 (1993)). An "[o]bjection to a failure to comply with the rule is waived where there is written and oral argument to the court without objection on the legal issues raised in connection with the defense." Id., (quoting Mahoney v. Tingley, 85 Wn.2d 95, 100-1, 529 P.2d 1068 (1975)). In Bernsen the court treated a mitigation defense as if it had been raised in the pleadings, because it was introduced and ruled upon by the trial court without objection from the plaintiff. Bernsen, 68 Wn. App. at 434.

Here, Belfor introduced res judicata as a basis for summary judgment without objection from the Pinneys. Both parties briefed and argued the elements of res judicata before the trial court. The Pinneys did not argue waiver until their

4

motion for reconsideration.[1] By allowing Belfor to introduce its affirmative defense at summary judgment without objection, the Pinneys waived their right to claim waiver.

Failure to plead an affirmative defense is also "harmless" if there is no surprise or prejudice to the opposing party. Mahoney v. Tingley, 85 Wn.2d 95, 100, 529 P.2d 1068 (1975). The Pinneys claim they were prejudiced and "deprived of important discovery regarding the precise relationship" between AFI and Belfor. Brief of Appellant at 18-19. It is unclear what discovery the Pinneys claim they were denied. The Pinneys had the opportunity to contact and depose Belfor in the AFI lawsuit, but did not do so.[2] Nor did they request additional time to conduct discovery on the res judicata defense or move for a continuance under CR 56(f).

Conversely, the Pinneys also argue that the discovery of "new evidence" enables them to bring claims against Belfor. Brief of Appellant at 17. This "new evidence" consists of lab results showing that the clothes contained chemical residue after cleaning, and testimony from Belfor and AFI that the "guarantee"

---

[1] An appellant may preserve an issue for appeal by bringing it up in a motion for reconsideration for the first time. Dixon v. Crawford, McGilliard, Peterson & Yelish, 163 Wn. App. 912, 919, n.7 262 P.3d 108 (2011); State v. Ledenko, 87 Wn. App. 39, 42, n.2, 940 P.2d 280, (1997) (overruled on other grounds as stated in State v. Sanchez, 172 Wn. App. 678, 653-54, 291 P.3d 902 (2012)). However, allowing parties to preserve an objection in a motion for reconsideration, after failing to object in argument and briefing, would undermine the purpose of the rule in Bernsen.

[2] The only deposition of Belfor occurred in this lawsuit on June 27, 2013. The federal trial was set for April 11, 2012, with the deadlines in June 2011 for joining additional parties and filing amended pleadings. On September 16, 2011, the Pinneys' counsel indicated that they would like to depose a speaking agent of Belfor and asked if AFI's counsel minded if they contacted Belfor directly. The parties filed a stipulated motion to amend deadlines, but the Court denied the motion on October 31, 2011, because the parties had failed to provide a record as to why an extension would have been necessary.

was made only on behalf of Belfor. Id. at 17-18. Aside from the Belfor testimony, which could have been obtained earlier, all of this "new evidence" was uncovered in the AFI lawsuit. The Pinneys did not seek leave of court to add Belfor as a party, claiming that they were prohibited by the case schedule. Under the Federal Rules of Civil Procedure 15(a)(2) a party may seek leave of the court to amend its pleadings and "the court should freely give leave when justice so requires." There is no reason why the Pinneys could not have requested leave to add Belfor as a party in the AFI lawsuit once they discovered the "new evidence." The burden was on Pinneys to prosecute their case properly; they cannot blame Belfor or AFI for their failure to do so. *See* Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (motion to amend denied after plaintiff repeatedly ignored defendant's insistence that not all necessary parties had been named). The trial court appropriately considered Belfor's affirmative defense of res judicata on summary judgment.

## Res Judicata

The party asserting the defense of res judicata bears the burden of proof. Hisle v. Todd Pacific Shipyards Corp., 151 Wn.2d 853, 865, 93 P.3d 108 (2004). The threshold requirement of res judicata is a final judgment on the merits in the prior suit. Id. Once that threshold is met, res judicata requires concurrence of subject matter, cause of action, people and parties, and the "quality of persons for or against whom the claim is made." Rains v. State, 100 Wn.2d 660, 663, 674 P.2d 165 (1983) (citing Seattle-First Nat'l Bank v. Kawachi, 91 Wn.2d 223, 588 P.2d 725 (1978)).

The trial court found that the AFI lawsuit was res judicata to the Pinneys' claims against Belfor. We agree.

We turn to the first res judicata element of same subject matter. The Pinneys claim the two lawsuits differ in subject matter because the AFI lawsuit was "based almost exclusively on the quasi-fiduciary relationship between an insurer and their insured." Brief of Appellant at 20. In the AFI lawsuit, however, the Pinneys brought an "extra-contractual claim," alleging that AFI was liable for Belfor's guarantee. CP at 496. The Pinneys now bring a CPA claim against Belfor, alleging its liability for the same "guarantee." The claims have a concurrence of subject matter.

Second, the Pinneys contend that the lawsuits contain different causes of action. They argue that their claim against Belfor arises from Belfor's conduct in failing to honor its alleged guarantee, while their CPA claims against AFI were based on violations of the Washington Administrative Code. Belfor argues the Pinneys seek to relitigate the same claims against Belfor for damages they sought or could have sought from AFI.

While there is no specific test for identity of causes of action, this court has set forth the following criteria for consideration:

> (1) [w]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Kuhlman v. Thomas, 78 Wn. App. 115, 122, 897 P.2d 365 (1995), quoting Rains, 100 Wn.2d at 664.

Here, all of the above criteria are satisfied. In both lawsuits, the Pinneys bring claims for CPA violations based on Belfor's alleged guarantee that their property would be returned "neutral and fresh."[3] First, the federal court dismissed many of the Pinneys' claims on summary judgment after determining that the Pinneys had failed to demonstrate a compensable injury with regard to a guarantee. The Snohomish County Superior Court therefore would not be able to find a compensable injury in this case without finding that the Pinneys suffered additional loss, therefore impairing the judgment in the AFI lawsuit. Second, the evidence needed to support the two claims is identical. The only new evidence introduced in Belfor lawsuit was the testimony of Jerry Martin, Belfor's representative, and additional testimony from the Pinneys, all of which would have also supported the claims in the AFI lawsuit. Third, both suits involve infringement of the same right — the Pinneys' right to be free from deceptive and unfair conduct in regards to a guarantee. Finally, the claims arise out of the same transactional nucleus of facts — the smoke damage to the Pinneys' property and Belfor's conduct during the cleanup process. Under the applicable criteria, the same cause of action requirement is also satisfied in this case.

---

[3] In their AFI complaint, the Pinneys do not specifically articulate a CPA claim but request damages under the CPA. They allege that AFI engaged in unfair methods of competition or in unfair or deceptive acts or practices under RCW 48.30.010. These allegations are also set forth later as part of a CPA claim against AFI. In their opposition to the motion for summary judgment, the Pinneys assert an "extra-contractual claim" that "American Family is liable for Belfor's guarantee that the plaintiffs(sic) goods would be returned to them 'neutral and fresh.'" CP at 496.

The element of sameness of people and parties requires a more extensive inquiry. Different defendants constitute the same party for res judicata purposes if they are in privity. Feature Realty, Inc. v. Kirkpatrick & Lockhart Preston Gates Ellis, LLP., 161 Wn.2d 214, 224, 164 P.3d 500 (2007). The Pinneys claim that the two lawsuits involve different defendants not in privity, because Belfor and AFI denied any agency relationship. Belfor argues that the parties are the same for res judicata purposes, based on the Pinneys' claim that AFI was liable for Belfor's "guarantee," and the federal court's finding of an agency relationship.

"Privity" is defined:

> 'as it exists in relation to the subject matter of the litigation, and the rule is construed strictly to mean parties claiming under the same title. It denotes mutual or successive relationship to the same right or property. The binding effect of the adjudication flows from the fact that when the successor acquires an interest in the right it is then affected by the adjudication in the hands of the former owner.'

U.S. v. Deaconess Medical Ctr. Empire Health Srvc., 140 Wn.2d 104, 111, 994 P.2d 830 (2000) (quoting Owens v. Kuro, 56 Wn.2d 564, 568, 354 P.2d 696 (1960)). Privity also involves a "special relationship" between the defendants in each suit. Id. Belfor cites Herrion v. Children's Hosp. Nat'l. Med. Ctr., 786 F.Supp.2d 359, 371 (D.C. Cir. 2011) in support of privity. In that case the plaintiff sued the medical center for actions taken by security officers in the course of their employment, and later tried to sue the officers individually for the same actions. Id. The court found that the two suits "share[d] a common nucleus of fact and both turn[ed] on the same conduct allegedly taken in the scope of the Security Officers' agency

relationship with Children's National." Id. In the first lawsuit, Herrion claimed the officers were the center's "agents" and that the center was liable for the officers' actions. The court agreed and held that the center and officers were in effect "one and the same party" for the purposes of res judicata. Id. at 372.

The reasoning in Herrion applies to this case. In the AFI lawsuit, the Pinneys claimed AFI was "liable for Belfor's guarantee that the plaintiffs(sic) goods would be returned to them 'neutral and fresh.'" CP at 496. The Pinneys now seek to recover from Belfor for the same breach of guarantee.[4] Both actions turn on the same conduct allegedly taken by Belfor in the scope of its relationship with AFI. The Pinneys prevailed on this issue and the federal court held AFI responsible for their total loss. The Pinneys should not be able to recover from Belfor for the same losses.[5]

Belfor also raises the federal court's factual finding that Belfor acted as AFI's agent. Judge Pechman admitted the statement of a Belfor employee over AFI's hearsay objection, because it was an admission of a party-opponent. The court stated that "[e]ven though Belfor is not a party in this action, Belfor acted as

---

[4] The Pinneys misconstrue the federal court's order on summary judgment and claim that the court found AFI not responsible for Belfor's guarantee. This is inaccurate. Judge Pechman considered the Pinney's claim on the guarantee to be a "contractual claim" and found no genuine issue of material fact — "the appraisers determined the amount of loss and American Family paid the awards." CP at 434. As a result, "[a]ll contractual issues have been resolved." Id. By resolving all contractual issues, the court dismissed the Pinneys' claims related to the items not being returned "neutral and fresh," as promised by Belfor.

[5] The Pinneys argue that they preserved their right to bring claims against Belfor by specifically excluding Belfor from the settlement agreement with AFI, but they provide no authority for the proposition that a settlement agreement can create an exception to the application of res judicata if the doctrine otherwise applies.

American Family's agent or servant concerning a matter within the scope of the agency or employment" when it made a "guarantee" of the quality of the Pinneys' clothing. CP at 433.

The Pinneys claimed the finding of agency is "for the limited evidentiary purpose of admitting evidence . . . ." CP at 272. There is no such language in the federal court's order limiting the finding of agency. The existence of a principal-agent relationship is a question of fact unless the facts are undisputed. O'Brien v. Hafer, 122 Wn. App. 279, 285, 93 P.3d 930 (2004). The adjudication of a hearsay-related objection involves a question of preliminary fact to be decided by the trial judge. Bourjaily v. United States, 483 U.S. 171, 181, 107 S. Ct. 2775, 2778, 97 L.Ed.2d 144 (1989). When preliminary facts relevant to Fed. R. Evid. 801(d); (2)(E) are disputed, the offering party must prove them by a preponderance of evidence.[6] Id. In order for the federal court to admit Belfor's statement, the Pinneys would have had to have proven an agency relationship by a preponderance of evidence. The Pinneys prevailed on that issue and are bound by the federal court's finding of fact.

The final element of res judicata requires a determination of which parties in the second suit are bound by the judgment in the first suit. Ensley v. Pitcher, 152 Wn. App. 891, 905, 222 P.3d 99 (2009). "If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, the judgment in

---

[6] The Seventh Circuit expanded the preponderance test to apply to all hearsay-related questions of preliminary fact. United States v. Franco, 874 F.2d 1136, 1139 (7th Cir. 1989).

the action has the following preclusive effects against the injured person in a subsequent action against the other." Id. at 906 (citing RESTATEMENT (SECOND) OF PARTIES AND OTHER PERSONS AFFECTED BY JUDGMENTS § 51 (1982)).

The Pinneys alleged that AFI was liable for Belfor's guarantee, and the federal court found that Belfor was acting as AFI's agent when it made the guarantee. AFI and Belfor are therefore the "same quality of parties" and the Pinneys are precluded from bringing another action against Belfor for the same injuries.

We affirm the trial court's dismissal of the Pinneys' claims because they are barred by res judicata.[7]

Affirmed.

WE CONCUR:

---

[7] Belfor also asks that we review the Pinneys' CPA claim and find that it fails as a matter of law. In light of our disposition of this case we decline to do so.